HENRY CONANT et al., Respondents, v. DEEP CREEK & CURLEW VALLEY IRRIGATION COMPANY et al., Appellants.

WATERS—IRRIGATION RIGHTS—QUIETING TITLE—STREAM IN TWO STATES —JURISDICTION—APPEARANCE—ESTOPPEL.

1. Where a stream rises in the state of Idaho, and flows into the State of Utah, a court of the former State has no jurisdiction to try and determine the title and right to the use of the water flowing in that portion of the stream which is situated in Utah, and there diverted and used for irrigation of lands therein.

2. Where a stream rose in the State of Idaho, and flowed into the State of Utah, and a bill was filed in the former State for the purpose of quieting complainant's title to certain waters of the stream, and other parties intervened in the case and participated in the trial, and a decree was rendered establishing rights in waters which were diverted and used for irrigation purposes in Utah, such parties were not estopped, by such adjudication, from subsequently urging in another suit in Utah that the Idaho court had no jurisdiction over the waters in Utah, inasmuch as jurisdiction of the subject-matter may not be conferred by consent, nor can want of such jurisdiction be waived.

Decided September 17, 1901.

Appeal from District Court, First District.—*Hon. C. H. Hart*, Judge.

Suit by Henry Conant against the Deep Creek & Curlew Valley Irrigation Company and others. From a decree in favor of complainants, defendants appeal.

REVERSED.

*Messrs. Richards & Allison* for appellants.

*A. R. Heywood, Esq.*, for respondents.

MORSE, District Judge.—It appears from the record in this case that in April, 1896, the respondent Henry Conant and one Edward Conant commenced an action in the district court of Oneida county, in the State of Idaho, to quiet their title to certain waters flowing through the channel of a stream or creek commonly called "Deep Creek" or "Curlew Creek," which rises in Oneida county, Idaho, and flows through a portion of that county into Box Elder county, Utah, in which action all the appellants appeared, either as defendants or as complainants in intervention, and each claimed to be the owner and entitled to the possession and use of certain portions of the waters of said stream, and all participated in the trial of said cause. A number of persons, residents of the State of Idaho, who claimed and diverted water from said stream in said State, were also made parties defendant in said action. The water claimed by the appellants Deep Creek & Curlew Irrigation Company and Curlew Irrigation & Manufacturing Company was diverted from said stream at points in Oneida county, Idaho, and was used by them for irrigation purposes in

Oneida county, Idaho, and in Box Elder county, Utah, and the waters claimed by the respondents Henry Conant and said Edward Conant, as well as the waters claimed by all the other appellants, were diverted from said stream at points in Box Elder county, Utah. On August 6, 1896, a decree was rendered and entered in said action awarding to the plaintiffs and to each of the defendants and interveners therein specific quantities of the waters of the flow of said stream, and quieting their titles thereto, and directing the method of measuring and diverting the same, from which decree no appeal was taken, and the same became final in the Idaho court. On the fifteenth of August, 1899, the respondents commenced this action in the district court of Box Elder county, basing their complaint upon the decree entered in the Idaho court, and praying for a decree in accordance therewith; and from such a decree entered by said district court this appeal is taken.

The principal question presented by this appeal is, did the Idaho court have jurisdiction to try and determine the title and right to the use of the water flowing in that portion of Curlew creek situated within Box Elder county, Utah, and diverted therefrom in said county, and used for irrigation upon lands located therein, and to quiet the title thereto? A right to divert and use the waters of a stream, acquired by appropriation, is a hereditament appurtenant to the land for the benefit of which the appropriation is made. Bear Lake & River Waterworks & Irrigation Co. v. Ogden City, 8 Utah 494, 33 Pac. 135; Tucker v. Jones, 8 Mont. 225, 19 Pac. 571; Sweetland v. Olsen, 11 Mont. 27, 27 Pac. 339; Cave v. Crafts, 53 Cal. 135; Simmons v. Winters (Or.), 27 Pac. 7. "The terms, 'land,' 'real estate,' and 'real property,' include land, tenements, hereditaments, water rights, possessory rights and claims." Subdivision 10, sec. 2498, Rev. St. An action, therefore, to quiet the title and determine and to establish the right to divert and use water for such purposes is in the nature

of an action to quiet the title to real estate, and must be commenced and prosecuted in the courts of the State in which the same is situated.    The courts of one State are without jurisdiction to hear and determine suits affecting the title to lands in another State.    Nelson v. Potter, 50 N. J. Law, 324, 15 Atl. 375.    In the case of Lindley v. O'Reilly, 50 N. J. Law, 636, 15 Atl. 379, 1 L. R. A. 79, 7 Am. St. Rep. 802, it is said: "The decree in a suit of this aspect imposes a mere personal obligation, enforcible by injunction, attachment, or like process against the person, and can not operate *ex proprio vigore* upon lands in another jurisdiction to create, transfer, or vest a title."    In Davis v. Headley, 22 N. J. Eq. 115, the complainant obtained a decree in the circuit court of Kentucky against Headley that a conveyance of lands in New Jersey, made by the complainant, should be rescinded and set aside, the possession restored, and the defendant enjoined from setting up the conveyance.    He then filed a bill in the court of chancery in New Jersey to enforce the decree.    The jurisdiction of the parties by the Kentucky court was undisputed. The bill to enforce the decree was nevertheless dismissed. Chancellor Zabriskie, in dismissing the bill, declared that: "It is a well-settled principle of law in the decisions in England and this country, and acquiesced in by the jurists of all civilized nations (and thus part of the *jus gentium*), that immovable property known to the common law as 'real estate' is exclusively subject to the laws and jurisdictions of the courts of the Nation or State in which it is located.    No other laws or courts can affect it.    I find no case in which a statute, judgment, or proceeding in one country has been held to affect such property when situate in another country, or beyond the jurisdiction of the sovereign or court making the statute or decree."    In Carpenter v. Strange, 141 U. S. 105, 11 Sup. Ct. 966, 35 L. Ed. 647, Chief Justice Fuller, delivering the opinion of the court, says:    "The real estate was situate in Ten-

Conant v. Irrigation Co.

nessee, and governed by the laws of its *situs;* and while, by means of its power over the person of a party, a court of equity may, in a proper case, compel him to act in relation to property not within his jurisdiction, its decree does not operate directly upon the property, nor affect the title, but is made effectual through the coercion of the defendant; as, for instance, by directing a deed to be executed or canceled by or on behalf of the party. The court has no inherent power by the mere force of its decree to annul a deed or to establish a title. Hence, although, in cases of trusts, of contract, and of fraud, the jurisdiction of a court of chancery may be sustained over the person, notwithstanding lands not within the jurisdiction may be affected by the decree, yet it does not follow that such a decree is in itself necessarily binding upon the courts of the State where the land is situated. . . . . . The courts of Tennessee were not obliged to surrender jurisdiction to the courts of New York over real estate in Tennessee exclusively subject to its laws and the jurisdiction of its courts." It is insisted· on behalf of the respondents that, if this court should hold that the Idaho court was without jurisdiction to enter the decree here sued on, then the Utah parties would have no court to resort to that could protect their property rights, and that the Idaho settlers could with impunity divert the waters from this stream in Idaho, and the Utah parties would be remediless. With this contention we can not agree. It is a recognized rule of law that a person who has appropriated water at a certain point in a stream is entitled to. have so much of the waters of said stream as he has appropriated flow down to him to the point of his diversion; and if the settlers higher up on the stream, in another State, whose appropriations are subsequent, divert any of the waters of the stream which have been so first appropriated, then the courts of the latter State will protect the first settler in his rights. Howell v. Johnson (C. C.), 89 Fed. 556. The Idaho courts, therefore, have am-

ple and complete jurisdiction to protect the rights of respondents to have the waters which they have appropriated, and which they divert in Utah, flow through the channel of the stream, and to limit and determine the rights of the Idaho appropriators with reference thereto; and by the decree entered in the suit in the district court of Oneida county, Idaho, such rights were fully protected, and may be enforced by proper proceedings in that court. But this rule of law can not be so extended as to give to the Idaho court jurisdiction to adjudicate and determine the rights, as between themselves, of the several appropriators who divert water from said stream in Utah, and use the same for irrigation upon lands in this State, and to quiet their titles thereto. Such matters are exclusively within the jurisdiction of this State, and, in so far as the decree of the Idaho court attempted to determine and quiet the title to such waters, it was a nullity, and could not form a foundation for this suit.

The respondents contend that the appellants, by having interpleaded in the Idaho case, and participated in the trial thereof, are estopped by the force of that adjudication from questioning it. Jurisdiction of the subject-matter of a suit can not be conferred by consent; neither can the want of such jurisdiction be waived. White v. Seely, 1 Utah 191; Konold v. Railway Co., 16 Utah 151, 51 Pac. 256; Hawes, Jurisd., secs. 9, 10, 12, 239; 1 Freem. Judgm., sec. 120; 1 Black, Judgm., secs. 217, 218; 12 Enc. Pl. and Prac., p. 127. It is ordered that the decree of the district court be set aside, and the case remanded, with directions to dismiss the suit, and that respondents pay costs.

*Baskin* and *Bartch, JJ.,* concur.