## POSEY v. WILLIAMSON et al.

### No. 8962.

Court of Civil Appeals of Texas. Austin.

Nov. 29, 1939.

Rehearing Denied Dec. 20, 1939.

Fuchs & Fuchs, of New Braunfels, for appellant.

Tom G. Oliver, Jr., of San Marcos, for appellees.

BAUGH, Justice.

This is an appeal from an order of the District Court of Comal County sustaining appellees' pleas of privilege to be sued in Hays County. Suit was by appellant to enjoin appellees from building a fence without a gate across a roadway claimed by appellant as an easement from his lands in Comal County over and across appellees' lands to a public road in Hays County. A temporary injunction was granted. The defendants filed pleas of privilege to be sued in Hays County, which were duly controverted, a hearing had thereon, and the pleas granted. None of the defendants lived in Comal County.

The first contention made by appellant is in effect that his lands were located in Comal County; that the easement claimed by him over other lands was an appurtenance to his land; that the destruction of it would cause damages to his own lands; and that his suit was to prevent damages to his lands in Comal County. Consequently, that he was entitled, under Sec. 14, Art. 1995, R.C.S., to maintain venue of his suit in Comal County. Stated otherwise, that the location of the dominant estate and not that of the servient estate determines venue in suits involving easements, citing, among other authorities, Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; and Coughran v. Nunez, Tex.Com.App., 127 S.W.2d 885, 886.

■ If there had been no controversy that appellant had an easement over appellees' lands, or if such had already been established by law, then appellant's contention, under the authorities cited, might be correct. But no such situation is here presented. It is well settled that such an easement over the lands of another is an "interest in land," and "a charge upon the estate or property of the servient tenement." Miller v. Babb, Tex.Com.App., 263 S.W. 253, 254; Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014; 15 Tex.Jur., p. 771, § 3; 17 Am.Jur., p. 925, § 3. The essential qualities of an easement are set out in Magnolia Pet. Co. v. Caswell, Tex.Com.App., 1 S.W.2d 597, 600. If its existence be denied, or be not established as a matter of law, and suit be brought either to establish it, or to preserve it, then the inquiry is: What interest in what land is asserted? And where its existence is denied by the owner of the servient estate over which it is asserted, then the claimant must first prove that he has such easement before he can preserve it by injunction or recover damages for its obstruction or denial. 15 Tex.Jur., p. 809, § 37; 17 Am.Jur., §§ 152, 153, pp. 1036, 1037; 47 A.L.R. 557.

Manifestly an owner cannot have an easement over his own property. "It always implies an interest in land in or over which it is to be enjoyed." Coughran v. Nunez, Tex.Com.App., 127 S.W.2d 885, 888. It is clear, therefore, in the instant case that before appellant would be entitled to the injunctive relief sought, he must first establish an easement over appellees' lands. That is, he must show that he has such interest in their lands; and the venue of such controversy would lie in the county where these lands were located; not in the county where the land to which such easement, if established, would inure.

■ The only other question which we deem it necessary to discuss is whether the lands of appellees, or a part thereof, were located in Comal County. Much of the evidence introduced upon the trial was upon this issue. That is, as to what was the location of the common boundary line between Hays and Comal Counties in the vicinity of these lands. It seems not to be controverted that the location of such line is at least uncertain and not definitely established on the ground as contemplated by law. Nor is it controverted that appellees had at all times rendered their lands for taxation as being in Hays County, and had paid all taxes thereon to the tax collector of Hays County; and that none of them had been rendered for taxes nor taxes paid thereon at any time in Comal County. Without detailing or summarizing such evidence here, suffice it to say that it was clearly sufficient to sustain a finding by the trial court that appellees' lands were situated wholly within Hays County. This was a fact question to be determined by the trial court on the issue of venue; and the trial court having sustained appellees' pleas of privilege, it will be presumed that he found in favor of the appellees on this issue.

Finding no error in the record, the judgment of the trial court will be affirmed.

Affirmed.