**LOWER COLORADO RIVER AUTHORITY**

v.

**CAMP WARNECKE, Inc., et al.**

**CITY OF SAN ANTONIO**

v.

**CAMP WARNECKE, Inc., et al.**

Nos. 10215, 10216.

Court of Civil Appeals of Texas.

Austin.

April 14, 1954.

Rehearing Denied May 5, 1954.

W. S. Gideon and Mac Umstattd, Austin, for Lower Colo. River Authority.

W. L. Matthews, Brewer, Matthews, Nowlin & Mcfarlane, San Antonio, for City of San Antonio.

Fuchs & Riedel, Schleyer & Bartram, New Braunfels, for appellees.

GRAY, Justice.

This appeal is from orders overruling appellants' separate pleas of privilege.

One nonjury trial was had. Separate appeals were prosecuted by appellants; however they are companion cases and were so argued. The points pressented in the two appeals are in all material respects the same and a disposition of one appeal will dispose of the other. For these reasons we have considered the two causes together and will dispose of them by this one opinion.

Appellees are residents of Comal County and are: Camp Warnecke, a corporation, and Hulda Gruene Giesecke, individually

and as independent executrix of the estate of T. E. Giesecke, deceased. Appellants are: Lower Colorado River Authority, a corporation created by the Legislature as a conservation and reclamation district, Acts 1934, 43rd Leg. 4th C.S. p. 19, ch. 7, as amended, Vernon's Ann.Civ.St. following art. 8197f, having its principal office and place of business in Travis County, and later referred to as LCRA, and the City of San Antonio, a municipal corporation of Bexar County, later referred to as the city.

Appellees sued appellants and Guadalupe Blanco River Authority of Comal County, a corporation created by the Legislature, Acts 1933, 43rd Leg. 1st C.S. p. 198, ch. 75, as amended Acts 1935, 44 Leg. 1st C.S. p. 1615, ch. 410, Vernon's Ann.Civ.St. following § 8197f, " 'to prevent or aid in the prevention of damage to person or property from the waters of the Guadalupe and Blanco Rivers and their tributaries' ", later referred to as GBRA. For cause of action appellees alleged that they were owners of adjoining tracts of land located upon and riparian to the Comal River (a tributary of the Guadalupe River) in Comal County and alleged that as such owners they were entitled to have the waters of the Comal River come to and pass their lands in its natural state and purety undiminished in quality, temperature and physical characteristics which right inheres to and is a part of their lands; that about ¾ths of a mile upstream from appellees' lands appellants and GBRA (not appealing) operate and maintain a steam generating plant which generates electric energy and which plant is located on the banks of the Comal River; that the operation of the plant includes a cooling process whereby the water from the river is taken into the plant and returned to the river and then flows down to and past appellees' lands; that this process heats the water from its normal temperature of about 74 degrees Fahrenheit to about 95 degrees Fahrenheit and that thereby the physical characteristics of the water are changed to a material and substantial extent resulting in its pollution and causing obnoxious odors to emanate therefrom and that it has created a health hazard to appellees and their patrons; that appellants have no right to heat the water or to impair its natural condition of purity; that appellees are deprived of a part of their fixed and vested water rights; that appellants' acts constitute a nuisance, a trespass upon and an unlawful invasion of appellees' lands and their riparian rights and is a violation of Art. 698b, Vernon's Ann.P.C., and that the heating of the water is a constant menace and threat of damage to appellees and a constant interference with and a cloud upon the title to their riparian rights.

Appellees alleged that they were the owners and operators of camps upon their lands which consisted of tourist resorts and places of recreation; that they had used the Comal River, its water and the bed and banks of the stream for swimming, bathing beaches, boat landings and other recreational purposes for thirty years prior to the filing of the suit and for such purposes had improved the bed and banks of the river; that the greatest asset of the camps was the nature, quality and material characteristics of the water and that in its natural state the water is pure, clear, refreshingly cool, healthy and invigorating, and that by their long and continued use of the water as an incident to the ownership of their lands they have acquired and own the right to have the water of the river flow to and past their lands in its natural state and purity.

Appellees prayed for a judgment fixing and establishing their water rights, quieting their title to such water rights and privileges, removing the cloud cast thereon by the invasion and trespass of appellants; for judgment decreeing that appellants are not entitled to pollute or heat the water, and for a temporary and permanent injunction, and for other relief both general and special to which they are entitled, in law and in equity.

As noted supra GBRA has not appealed. LCRA and the city urge that the trial court erred in overruling their respective pleas of privilege because: GBRA was not a necessary or proper party to the suit; appellees failed to plead or prove a cause of action.

against GBRA, it being the only defendant that was a resident of Comal County, and the primary relief sought by appellees was an injunction rather than to determine title or to remove cloud therefrom, which latter factors if involved were secondary and incidental to the injunctive relief for which reason venue of the cause is determined by Art. 4656, Vernon's Ann.Civ. St., and Exception 30 of Art. 1995, Vernon's Ann.Civ.St., which govern venue of suits for injunction.

Insofar as they are applicable to the question of venue the facts show that in October, 1942, the city as owner leased to GBRA the generating plant in question here and made agreements as to the operation of the plant and furnishing electric power to the city. This lease agreement extended from November 1, 1942 through December 1, 1972, and gave GBRA the option to purchase the plant in 1972 at a stated price less depreciation. GBRA assigned "all of the rights, estates, privileges, agreements and benefits" acquired by it, by the lease agreement with the city to LCRA except the right to purchase the property at the expiration of the lease in 1972. LCRA has since that time been operating the plant under an operating agreement with GBRA.

It is admitted that in the operation of the plant LCRA takes the water from the Comal River (under a claim of right) into the plant for cooling purposes; that the water is thereby heated, is returned to the river in a heated condition and in a heated condition flows to appellees' lands. It is not disputed and is shown: that appellees are riparian owners down stream from the plant and that appellees' lands and the land on which the plant is located are in Comal County. The pleas of privilege identify appellants and allege that they are corporations.

■ Appellees' petition was introduced in evidence which determined the character of the suit for venue purposes. Budde v. Navarro Oil Co., Tex.Civ.App., 125 S.W.2d 1055; City of Corpus Christi v. Live Oak County, Tex.Civ.App., 103 S.W.2d 226; 43 Tex.Jur. p. 707; Sec. 4. There was also evidence to show appellees' title, possession and use of their lands and that the heating of the water resulted in injury to appellees.

Although there was a controversy in the evidence as to the right of appellants to use the water in the manner they did use it, the operation of the plant and the heating of the water were proved and admitted facts. There was also evidence to show that, in its natural state, the water of the river was clear, cool, pure and attractive, and that after being heated the water at appellees' camps had scum on it, emitted foul odors, was dirty and was too hot to swim in, that as a result thereof appellees' business was injured and that people complained of these conditions and went elsewhere to swim. Appellants' evidence controverted the cause of these conditions.

■ Appellees' water rights are so identified with their lands as to become a part thereof and the alleged wrongful acts of appellants constitute a direct injury to such lands and a denial of appellees' title. This being true the nature and effect of the cause of action alleged is a suit to remove cloud and to quiet title, the venue of which suit is properly in Comal County under Exception 14 of Art. 1995, supra. Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593; City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W. 662.

In Lakeside Irr. Co. v. Markham Irr. Co., supra [116 Tex. 65, 285 S.W. 597] (a controversy between upper and lower owners on the Colorado River as to their respective rights to the water of the river for irrigation) the court said:

" 'So it follows, as a deduction from these principles, as was said in the Conant Case [Conant v. Deep Creek & Curlew Val. Irr. Co., 23 Utah 627, 66 P. 188], that an action, therefore, to quiet the title and determine and establish the right to divert and use water for such purposes, is in the nature of an action to quiet the title to real estate.' "

" 'We think it clear that, if our conclusion as to the nature and purpose of appellees' suit is correct, it necessarily follows that the injunctive relief sought is auxiliary to the main purpose of the suit, and the prayer for such relief does not bring the suit within the purview of article 4653 [present Art. 4656] of the statute before cited, requiring suits for injunction to be brought in the county of the defendant's residence or domicile.' "

It follows that venue of this cause is not determined by Art. 4656 and Exception 30, supra, but is determined by Exception 14, supra. Therefore since we have held that venue of this cause can be sustained in Comal County under said exception it is not necessary for us to consider appellees' further allegations of pollution or appellants' points relative to GBRA.

The judgment of the trial court is affirmed.

Affirmed.