**Howard D. PRINGLE et al., Appellants,**

v.

**SOUTHERN BANKERS LIFE INSURANCE COMPANY, Appellee.**

**No. 10428.**

Court of Civil Appeals of Texas.

Austin.

Nov. 7, 1956.

Louis Scott Wilkerson, Austin, for appellants.

J. E. McLemore, Jr., Dallas, for appellee.

GRAY, Justice.

This is a venue case. Appellants filed this suit in Travis County against appellee, a resident of Dallas County, and alleged that appellee acting by and through its agent made false and material representations to them in Travis County in an effort to induce appellants to purchase debenture bonds from appellee. They alleged that in reliance upon and induced by the said false and material representations they contracted to purchase $6,500 face value of said bonds which contract of purchase was consummated by appellants executing and delivering to appellee their promissory note for $6,500 the pay-

ment of which was secured by a deed of trust lien on three parcels of land located in Travis County.

Appellants alleged that they discovered that the above mentioned material representations were false and that "they have elected and do here elect to avoid, rescind and cancel the aforesaid contract and the aforesaid note and deed of trust."

Appellants prayed for:

"Judgment of this court cancelling and holding for naught the aforesaid note and deed of trust executed by plaintiff Howard D. Pringle;

"* * * * * *

"Judgment of this court declaring and adjudicating that the defendant holds no claim of any kind or character against the above described property under or by virtue of the aforesaid note and deed of trust and declaring said instruments fully cancelled."

Appellee filed its plea of privilege and prayed that the cause be transferred to Dallas County. The plea was controverted and upon a hearing before the court it was sustained. The trial court found:

"* * * that the land described in paragraph 2 of the plaintiffs' original petition is situated in Travis County, Texas, but concludes as a matter of law that the nature of the plaintiffs' suit is not within subdivision 14 of Article 1995, Revised Civil Statutes of Texas, 1925, as urged by the plaintiffs, and that the plaintiffs did not establish any other exception to the general rule expressed in said Article."

Appellee has not filed a brief.

Appellants contend that the trial court erred in sustaining the plea of privilege because the suit is one to remove an incumbrance upon the title to land located in Travis County and that venue of the suit is governed by exception 14 of Article 1995, Vernon's Ann.Civ.St. This excep-

tion provides that "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land * * * must be brought in the county in which the land, or a part thereof, may lie."

■ Proof of the nature of the suit "is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the action.'" Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. Our statement of the pleadings supra is sufficient to show the nature of the suit and our quotation from the judgment of the trial court locates the land in Travis County.

■ Clearly the deed of trust lien is an incumbrance on the title to land in Travis County and appellants sued to remove it.

In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, the Court said:

"The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

In Cowden v. Cowden, 1943 Tex. 446, 186 S.W.2d 69, 71, the Court considered exception 14 and said:

"Applicable provisions of exception 14 which appellant invokes to maintain his suit in Midland county are: 'Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part

thereof, may lie.' So the venue facts he had to establish were but two, namely, (1) that his was a suit for recovery of land and for damages thereto and (2) that a part of the land lay in Midland county. 'What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title * * * and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required.' Higginbotham-Bailey-Logan Co. v. Hancock et ux., Tex.Civ.App., 4 S.W.2d 583, 584. Appellant's pleadings showed that he was suing to recover lands and for damages thereto. The proof showed that a part of the land was situated in Midland county. Therefore, as to the part so situated, he had done all that the law required him to do to defeat the plea of privilege."

In Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428, the court considered the question of venue of a suit for damages to land and held that in order to defeat a plea of privilege it was not necessary to prove by evidence other than plaintiff's petition that the defendants are at least prima facie liable for the damages sued for. The Court there quoted from Cowden v. Cowden supra.

The venue facts necessary to sustain venue of this suit in Travis County being established the trial court erred in sustaining the plea of privilege.

The judgment of the trial court is reversed and judgment is here rendered overruling appellee's plea of privilege.