Edward C. JAMES et al., Appellants,

v.

Robert W. DRYE et al., Appellees.

No. 10562.

Court of Civil Appeals of Texas.

Austin.

April 30, 1958.

Rehearing Denied May 28, 1958.

Patterson, McDaniel & Moore, Houston, for appellants.

L. Alvis Vandygriff, Austin, W. T. Barber, San Marcos, Gibson R. Randle, Austin,

for appellees Robert W. Drye (and other plaintiffs below).

John C. Foshee, Arthur P. Bagby, Austin, for appellee C. B. Smith.

Ernest Morgan, San Marcos, DeLange, Hudspeth & Pitman, Houston, for appellee Eagle Rock Ranch.

HUGHES, Justice.

■ This is a venue appeal in which appellees who successfully defended venue in the Trial Court rely primarily, if not solely, upon the provisions of Subd. 14, Art. 1995, Vernon's Ann.Civ.St., relating to land suits the proper applicability of which usually depends, except for proof of the location of the land, wholly upon the allegations of the plaintiffs' petition. Renwar Oil Corporation v. Lancaster, 154 Tex. 311, 276 S.W.2d 774; Pringle v. Southern Bankers Life Ins. Co., Tex.Civ.App., Austin, 296 S.W.2d 347; Pickens v. Langford, Tex.Civ. App., San Antonio, 270 S.W.2d 285; McDonald Texas Civil Procedure, Vol. 1, Sec. 4.22.

We will, therefore, state the substance of plaintiffs' petition:

Robert W. Drye et ux., R. B. Leggett et ux., C. N. Brinkley et ux., William E. Harlan et ux., Joseph A. Howse et ux., R. C. West et ux., all of Harris County, J. W. Gossett et ux., John C. Landrum et ux., of Travis County, Charles F. Turbiville et ux. and Robert E. Cummings et ux. of Bexar County sued C. B. Smith, Eagle Rock Ranch, Edward C. James, Conso Realty Company and Eagle Rock Corporation.

C. B. Smith was alleged to reside in Travis County. Eagle Rock Ranch, a corporation, Conso Realty Company, a corporation, and Eagle Rock Corporation, a dissolved corporation, were alleged to reside in Hays County. Edward C. James was alleged to reside in Harris County.

1. This is the designation given by the pleader to Edward C. James and to Conso Realty Company and Eagle Rock Cor-

Plaintiffs sued for themselves and as representatives of a class having similar rights and who, as a practical matter, were too numerous to name and make parties.

Eagle Rock Corporation was the owner of three platted ranch subdivisions 1, 2, 3, known as Eagle Rock Ranchitos. Edward C. James was the owner of the ranch comprised of about 1,100 acres out of which these Ranchito Subdivisions were carved. "Edward C. James formulated and carried out a general scheme and plan for the development of the ranch as a place where persons could own and build their country homes. Under this plan these persons were also to have the right to use and enjoy various recreational facilities then or thereafter to be built by James and some of the James Defendants [1] on the properties. These individual home owners were also to have and own rights through the length and breadth of the ranch for horseback riding, tennis, golf, hiking, picnicking, fishing, swimming, nature study and other outdoor sports and recreational activities."

Eagle Rock Corporation in pursuance of such plan caused the Ranchitos to be laid out and subdivided in such manner that the purchaser of any lot in and adjacent to these subdivisions would acquire easements in the areas and facilities shown on plats depicting the Ranchitos as well as easements throughout the ranch proper and that plaintiffs and class plaintiffs relying on representations made by James and the Corporation defendants controlled by him regarding the nature and extent of such easements purchased lots in the Ranchito Subdivisions and erected valuable improvements thereon.

Use by plaintiffs of the privileges incident to the enjoyment of such easements was alleged and recognition of such use and enjoyment by James and the corporations controlled by him as well as by the grantee of the ranch and 108 Ranchito lots,

poration alleged to be controlled by James.

Eagle Rock Ranch,[2] until on or about June 1, 1957, was also alleged.

C. B. Smith was alleged to have assumed personal liability, in a contract between him and the grantors, for the performance of the obligations, covenants and duties imposed upon the grantee, Eagle Rock Ranch, in the deeds of April 13, 1955, conveying the ranch and Ranchito lots to it.

We copy from plaintiffs' petition:

"11. Under and by virtue of the foregoing facts, Plaintiffs acquired easements appurtenant to the grants of their respective lots as to the areas and facilities shown on the said recorded plats and acquired easements appurtenant, easements by estoppel and licenses in writing and by estoppel throughout the ranch for outdoor recreational purposes, including swimming, fishing, tennis, golf, shuffle board, horseback riding, hiking, picnicking, nature study and other related outdoor sports and pursuits.

"12. Upon the sale of the ranch and of the various subdivision lots by the James Defendants to the Defendant Eagle Rock Ranch, it was the duty of the James Defendants to the Plaintiffs to do no act and make no representation which would be in violation of or contrary to Plaintiffs' contractual rights as hereinabove set forth. It was the further duty of the James Defendants to convey the ranch subject to all of such rights for the benefit of Plaintiffs and to notify the Smith Defendants of these rights and reservations.

"13. a. In the event Plaintiff's rights as heretofore alleged were not reserved and preserved for the benefit of Plaintiffs by James Defendants, then Plaintiffs alleged alternatively as follows: Prior to the time in 1955 when the Defendant Eagle Rock Ranch acquired the ranch and various subdivision lots, extensive negotiations for the sale were had. Plaintiffs do not know and have had no way of determining the facts as to what took place in these negotiations. These facts would be known only to Defendants.

"b. Nevertheless, the James Defendants in the sale of the ranch and lots to the Smith Defendants without disclosing, protecting and reserving the rights which these Plaintiffs own as hereinabove stated thereby became guilty of fraud against the Plaintiffs. * * *

"15. a. Pleading further in the alternative, Plaintiffs allege that the James Defendants did disclose and fully represent to the Smith Defendants that the Plaintiffs own and hold the easement rights and other rights herein set forth."

The petition alleges that C. B. Smith and the Eagle Rock Ranch have filed for record an instrument purporting to be a resubdivision of some of the Ranchitos which was in fact applicable to a part of the ranch over which plaintiffs owned and claimed easements and was in derogation of those rights and that such attempted subdivisions cast a cloud on their title to such easements.

Plaintiffs also alleged that they were, as Ranchito owners, required to belong to the Eagle Rock Club and as members were entitled to (until at least 1974) numerous privileges such as use of the club house, tennis courts, swimming pool, etc., and that they enjoyed these privileges and pleasures until about June 1, 1957.

Plaintiffs allege that on or about June 1, 1957, C. B. Smith and Eagle Rock Ranch closed the club and have denied plaintiffs access to the recreational facilities referred to and have wired gates and otherwise have prevented plaintiffs from exercising their easements and privileges on and over the ranch proper.[3]

---

2. Eagle Rock Ranch was grantee in deeds from Conso Realty Co. and Eagle Rock Corporation dated 4–13–55.

3. We have omitted a summary of the petition as to an accounting and damages.

Plaintiffs prayed for a declaratory judgment removing the cloud from their land titles by establishing their easements appurtenant, easements by estoppel and licenses in writing and by estoppel and other rights in and to the real property of defendants described hereinabove; for a declaratory judgment cancelling and setting aside the plat and restriction instrument of Eagle Rock Heights Section 1, and for other relief.

Edward C. James and Conso Realty Company filed pleas of privilege to be sued in Harris County.

Eagle Rock Ranch filed a cross action against all other parties in which it alleged it purchased the properties involved without notice of any of the easements or privileges claimed by plaintiffs. It sought removal of such claims as clouds on its title and to quiet its title and damages.

Edward C. James and Conso Realty Company filed pleas of privilege to this cross action asserting their privilege to be sued in Harris County.

All pleas of privilege were overruled and Edward C. James and Conso Realty Company prosecute this appeal from such action.

Eagle Rock Ranch has filed a brief in which it prays that the order of the Trial Court be sustained but if not that the entire controversy including its cross action be transferred to Harris County.

C. B. Smith has filed a brief in which he prays that the order of the Trial Court be affirmed.

We believe that a fair and reasonable interpretation of plaintiffs' petition is that, primarily, it is a suit to establish easements in or on real property located in Hays County.

We cite and briefly quote from Magnolia Petroleum Co. v. Caswell, Tex.Com.App., 1 S.W.2d 597, 600, regarding the nature of an easement:

"An easement is a right or advantage which one has in the lands of another.
* * *

"An easement has been defined as a liberty, privilege, or advantage in land without profit, existing distinct from the ownership of the soil. It is a right which one person has to use the land of another for a specific purpose."

This Court cited and relied upon such opinion in Posey v. Williamson, 134 S.W. 2d 335, 336, where we held that a suit to enjoin interference with a claimed roadway across land should be tried in the county where the land lay since "It is well settled that such an easement over the lands of another is an 'interest in land,' and 'a charge upon the estate or property of the servient tenement.' "

In Carleton v. Dierks, 195 S.W.2d 834, 835, this Court held, in an opinion by Chief Justice McClendon, that a suit to enjoin interference with a claimed roadway across defendant's land involved title to an easement "which constitutes an interest in land" under subd. 14, Art. 1995, V.A.C.S., and that venue of such suit was in the county where the lands were located. This opinion was cited and followed by the Fort Worth Court of Civil Appeals in Magnolia Pipe Line Company v. Moore, 292 S.W.2d 142, writ dismissed, and it as well as Posey v. Williamson, supra, were cited approvingly by the Supreme Court in Brown v. Gulf Television Company, 306 S.W.2d 706.

Appellants only answer to these decisions is stated in their brief as follows:

"As we have stated before under the case of City of Mission v. Popplewell, Tex., 294 S.W.2d 712, we think that the Supreme Court of Texas has established a new principle of law, which is that a suit for the establishment of easements is purely an equitable cause of action available only by injunction, and that therefore it does not come under Subdivision 14 of Article 1995

in the same manner that suits for specific performance, and other equitable relief are not recognizable under this Subdivision of the venue statute.

"To the contrary, we find two able decisions of this Honorable Court which hold that an injunction suit which involves the title to an easement is a suit to acquire an interest in land and is maintainable in a county in which the property is situated. Carleton v. Dierks, [Tex.Civ.App.] 195 S.W.2d 834; Posey v. Williamson, [Tex. Civ.App.] 134 S.W.2d 335, which cases are cited under Easements 15(b), Texas Jurisprudence, Par. 48, P. 314. We ask the Court to review these decisions and we feel that in view of the recent Supreme Court decision in the case of City of Mission vs. Popplewell, the question is worthy of the consideration of the Court.

"We ask the Court to bear in mind particularly that the statute does not cover suits which 'involve title to easements,' but the statute under Subdivision 14 provides venue in the suits for 'recovery of lands.' The title is often involved in a suit for specific performance, and other equitable actions, but our courts have consistently held that suits for specific performance and for other equitable relief do not come within the purview of Subdivision 14. If our Supreme Court has held that the proper remedy for the establishment of easements is by injunction, as that Court has definitely held, then these causes of action can be established only by injunction which is certainly a suit in equity."

We have examined the Popplewell case and find that it was a suit to require, by mandatory injunction, removal of obstruction to an alley. An exception to the petition of the City that its sole remedy was by suit in trespass to try title was sustained by the Court of Civil Appeals. The Supreme Court held this was error and stated that [294 S.W.2d 714]: "The plaintiff in a trespass to try title action must allege and prove the right to present possession of the land. * * * The owner of an ordinary easement does not have such a possessory right and the remedy is not available to him."

Subd. 14 of Art. 1995, V.A.C.S., is not limited to suits of trespass to try title. It applies to all suits "for the recovery of lands." This has been construed to mean a suit to recover an interest in land and an easement being such an interest a suit to recover or establish an easement in land is within the statute. Authorities supra.

There are only two venue facts to be established under that portion of Subd. 14, Art. 1995, V.A.C.S., involved here: (1) that the suit is for the recovery of land (2) the location of the land. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428.

It is proved here that the land lies in Hays County and we are satisfied that the nature of this suit is to recover an interest in that land. This finding and this conclusion makes it unnecessary that we consider any other question. In fact it would be improper for us to do so. Hearne v. Frazier, Tex.Civ.App., Eastland, 228 S.W.2d 582, writ dismissed.

In our opinion the Trial Court properly overruled appellants' pleas of privilege filed to the suit brought by plaintiffs.

We will now dispose of the pleas of privilege filed by appellants to the cross action of Eagle Rock Ranch.

Eagle Rock Ranch pleads that it owns the lands over which plaintiffs claim easements and that such claims are without foundation in fact and were maliciously made by plaintiffs but if the same existed they were wilfully concealed by appellants when Eagle Rock Ranch purchased the properties. The relief sought was to quiet its title and for damages.

It is plain that this cross action is closely related to and dependent upon the

outcome of the principal case. Under these circumstances the issues raised by the cross action are not severable and the pleas of privilege should not be sustained. McDonald Texas Civil Practice, Sec. 4.40 and cases there cited.

Appellants' pleas of privilege to the cross action of Eagle Rock Ranch were properly overruled.

The judgment of the Trial Court is affirmed.

Affirmed.

### On Motion for Rehearing

Appellants complain that we did not state the substance of their pleadings or the evidence. We did not purport to do this for the reasons stated in our opinion. The transcript in this case contains 154 pages, the statement of facts 588 pages, excluding exhibits, the briefs 283 pages and this motion for rehearing 77 pages. To needlessly digest this mass of material would be a disservice to the litigants and without benefit to any one. We will insert here a few excerpts from appellants' motion to show the basis of their contentions:

"We feel that a grave injustice has been done these Appellants by the Court's refusal to state in its opinion that the pleadings of the Plaintiffs and the pleadings of Eagle Rock Ranch, the cross-plaintiffs, showed on their face that Conso Realty Company and Edward C. James had parted with their title and interest in the land, long before Plaintiffs' or Cross Plaintiffs' suit was filed, and both Petitions showed on the face of each, that it was moot as against these Appellants as a suit for the recovery of an interest in land. This Honorable Court did not even mention the fact that these Appellants were dragged into court through a non-existent suit for the recovery of title to lands as against them, solely and only for the purpose of holding venue for the trial of a million dollar suit for

damages out of the County of the residence of these Appellants, without attempting to put the fraud claim in issue on the venue hearing. The Petition as a whole should have been discussed by the Court, and this Court could not have escaped the conclusion that the principal purpose of Plaintiffs' suit against these Defendants was not to remove cloud, but a suit for damages, and that the character of the lawsuit as a whole governs the matter of venue.

\*   \*   \*   \*   \*   \*

"We do most respectfully say to the Court, however, that when the Court stated in its opinion that the only answer that Appellants made to the proposition that the venue would be determined 'wholly upon the allegations of Plaintiffs' Petition' was Appellants' reference to the case of City of Mission v. Popplewell, Tex., 294 S.W.2d 712, that the Court did not correctly state the objections and arguments raised by the Points of Error in Appellants' Brief. Appellants pointed out that the suit was moot, and that Appellants were strangers to the title, and that the entire suit as to Appellants was an attempt to tie a suit for damages on to a moot cause of action involving real estate. This statement by the Court will certainly be prejudicial in the event of an Application for a Writ of Error in this cause, and we believe that the Court will see upon reflection that it is not correct, and we hope that the Court will see fit to withdraw it.

\*   \*   \*   \*   \*   \*

"If this Court after a reconsideration does not grant this Motion for Rehearing, then we feel that in all justice and fairness to Appellants, and in order that a full picture can be presented to the Supreme Court for the purpose of review upon Application for Writ of Error, the opinion should at least make the findings that are the basis of Ap-

pellants' appeal, and at least make a fact finding that the Appellants had long divested themselves of any title to the property and were strangers to the title at the time Plaintiffs' suit was filed, and also find that Plaintiffs' suit did embody an alternate suit for damages which it refused to put in issue in the venue hearing either by pleadings or proof."

The motion is overruled.

Motion overruled.