**HIDALGO AND CAMERON COUNTIES WATER CONTROL AND IMPROVEMENT DISTRICT NO. 9 et al., Appellants,**

v.

**MAVERICK COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. I et al., Appellees.**

No. 13808.

Court of Civil Appeals of Texas.

San Antonio.

July 26, 1961.

Rehearing Denied Sept. 13, 1961.

Smith, McIlheran & Jenkines, Weslaco, Ewers, Toothaker, Ewers, Elick, Jones & Abbott McAllen, A. G. Haigh, Sawnie B. Smith, Kelley, Looney, McLean & Littleton, Edinburg, Hill, King, McKeithan & Reynolds, Mission, for appellant.

Montague & Thurmond, Del Rio, George L. West, Gainesville, Whitaker & Brooks, Midland, for appellee.

BARROW, Justice.

This is a venue case. The suit was brought by appellants in the District Court of Hidalgo County, Texas, against approximately one hundred and sixty-two defendants, whose lands are located in Zapata, Webb, Maverick, Kinney and Val Verde Counties, all of which counties are located upstream on the Rio Grande River from plaintiffs' lands. It is alleged in their petition, that each of the plaintiffs is the owner of lands situated wholly or partly in Hidalgo County, and that each of them is the owner of water rights for irrigation of their respective lands, which they own as appropriators of the waters of the Rio Grande River under permits issued to them. Plaintiffs further alleged that all of the defendants' rights or claimed rights to divert or appropriate waters from the Rio Grande River are subsequent and inferior to the appropriative rights of plaintiffs, if in fact the defendants have any rights. Plaintiffs by this suit seek judgment establishing their rights to the waters of the Rio Grande River as prior and superior to the rights of defendants, permanently enjoining the defendants from irrigating in excess of their rights when the flow of the Rio Grande is insufficient to supply the needs of plaintiffs, and removing the cloud from plaintiffs' title to their respective lands, occasioned by the excessive diversions and claims of the defendants.

Four of the defendants, Palafox Exploration Company, San Felipe Agricultural, Manufacturing & Irrigation Company, W. Fred West, and Melville L. Catlin, filed pleas of privilege to be sued in the counties of their respective residences. Palafox Exploration Company, in the alternative, relying on Subd. 14 of Article 1995, Vernon's Ann.Civ.Stats., sought to have the case as to it moved to Webb County, the county in which its land is located. Plaintiffs controverted each of the pleas on the ground that this is a suit to recover lands, to remove encumbrances upon the title to lands, to quiet title to lands, and to prevent and stay waste on lands, lying partly in Hidalgo County.

The trial court sustained each of the four pleas of privilege and ordered the case as to these defendants transferred to the county in which each defendant's land is situated. The plaintiffs, and each of them, have appealed.

Appellants predicate this appeal upon two points: (1) They contend that this is a suit "to quiet title to lands and to prevent and stay waste on lands, a part of which lands lie in Hidalgo County," therefore, venue in Hidalgo County "is mandatory under subdivision 14 of Article 1995, V.A.C.S." (2) They contend that "since some of the defendants reside in Hidalgo County, and all defendants are proper parties," venue is properly laid in Hidalgo County "under subdivision 4, Article 1995, V.A.C.S."

Under the view we take of the case, we do not deem it necessary to pass upon appellants' second point. We are of the opinion that venue is properly laid in Hidalgo County under Subd. 14, Article 1995. It is not disputed, nor can it be disputed, that plaintiffs' petition states a cause of action for the recovery of land, to remove cloud from title, to quiet title, and to prevent and stay waste on land.

Appellees do not question the fact that appellants' lands are situated wholly or partly in Hidalgo County. It is settled that where it is sought to maintain venue in the county where the land is situated the venue facts are, (1) that the suit is for the recovery of land or damages thereto, to remove encumbrance upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands; (2) the location of the land in controversy. The first is proved by plaintiffs' petition. The second is established by proof of the location of the land. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428; 1 McDonald, Texas Civil Practice, § 4.22; Article 1995, Subd. 14, V.A.C.S.

We think the decision of the Commission of Appeals in Lakeside Irrigation Company v. Markham Irrigation Company, 116 Tex. 65, 285 S.W. 593, 596, is decisive of the question here presented. In that case the suit was by a downstream appropriator against an upstream appropriator, alleging that the upstream appropriator, whose unauthorized excessive use of water was depriving plaintiffs of sufficient water, and it was held to be a suit to quiet title to land, as well as a suit for damages to land that venue was properly laid in Matagorda County, the county in which plaintiff's land was situated, under Art. 1995, Subd. 14, V.A.C.S., notwithstanding the upstream appropriator's land was situated in another county. In that case the Commission of Appeals copied and adopted the opinion of the Court of Civil Appeals, which, among other things, said:

"Plaintiffs' right to the water flowing · through their canals obtained under their permits from the state is in its nature real estate, such right, being appurtenant to the land, is a part of the freehold, and the title thereto passes and is inseparably connected with the title to the land."

Also, the Court, after citing the case of Conant et al. v. Deep Creek Irrigation Co., 23 Utah 627, 66 P. 188, 90 Am.St.Rep. 721, which case involved the jurisdiction of the courts of one State to determine the title and right to the use of water of an interstate stream for irrigating lands in another State, said:

"The fact that the question in the case cited was the jurisdiction of the courts of one state of a cause of action arising from wrongful acts committed by defendants in another state does not militate against the application of the holding to the question of venue of courts of different counties in the same state."

It is provided by statute that the permanent water right shall be an easement to the land, and pass with the title thereto. General Laws of 1917, p. 211 et seq., Ch. 88, § 58. This law was recognized in Motl v. Boyd, 116 Tex. 82, 286 S.W. 458, 475.

Appellees contend that appellants' suit is one in which the primary and principal relief sought is a permanent injunction, and therefore the suit must be maintained in the county of the defendants' residences under Article 1995, Subd. 30, and Article 4656, Vernon's Ann.Civ.Stats. We overrule that contention. The petition clearly demonstrates that the principal and primary relief sought is one affecting the title to real estate situated in the county where the suit was brought, and that the injunction sought is merely incidental to the main cause of action. Lakeside Irrigation Company v. Markham Irrigation Company, supra.

Appellees rely strongly upon the holdings in Posey v. Williamson, Tex.Civ.App., 134 S.W.2d 335, and Carleton v. Dierks, Tex. Civ.App., 195 S.W.2d 834. In our opinion, those cases are clearly distinguishable from the instant case. In each of those cases, the suit was brought by the owner of land located in one county against the owner of land located in a different county, to enjoin the closing of a road across the defendant's land claimed to be an easement and appurtenant to plaintiff's land. The Court held that the purpose of the suit was to establish an easement in the servient estate,

that the effect of plaintiff's suit was to recover an interest in the defendant's land, and that, therefore, under Subdivision 14 of the venue statute the suit was required to be brought in the county where the defendant's land was located. In the instant case appellants are claiming no easement or interest in any of the defendants' lands. If plaintiffs should establish their case on the merits and recover all that they sue for, they will have no easement or interest in any of the lands of defendants. In the instant case, the easement involved and sought to be protected is an easement appertaining to plaintiffs' lands in Hidalgo County. In other words, the right they claim is to the water in the river, and to have it flow down to their land in the amount or quantity to which they claim they are entitled under their certified permits. If it can be said that the injunction sought in the instant case should result in a diminution of appellees' water supply for irrigation of their lands, such injunction is merely ancillary to the enforcement of the judgment which may be rendered quieting the title to appellants' lands. In Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, 708, opinion by Justice Norvell, a case which involved two conflicting "must" provisions of the venue statute, the rule is thus stated:

"Whenever it can properly be said from the pleadings that the issuance of an injunction is merely ancillary to a judgment awarding a recovery of lands or quieting the title thereto, Article 1995, § 14 has application."

 If it be correct that appellants' suit does in fact affect the title to appellees' lands in that the injunctive feature would diminish the water rights claimed by appellees, then we have a paradoxical situation, for we have a case in which the "must" provision of Subd. 14 would require the suit to be brought in the county where defendants' land is located, and on the other hand the same "must" provision would require the suit to be brought in the county where plaintiffs' land is located, for the reason that the suit is one to quiet title and to prevent and stay waste on plaintiffs' lands. Thus, the "must" provisions of the statute would, as applied to this case, be in direct conflict. We think the solution of the problem is to maintain the suit in the county where the suit was brought, for the reason that it is well settled that plaintiff has the right to select the forum, so long as his case comes within one of the various exceptions to the exclusive venue in the county of the defendant's residence. We think appellants' case comes within the rule. Under the facts in this case, as judged alone from the allegations of appellants' petition, the "must" provision which would require the suit to be brought in the county where defendants' land is situated is of no more force than the same "must" provision requiring it to be brought in the county where plaintiffs' land is situated.

Having concluded that venue has been properly laid, it follows that the trial court erred in sustaining appellees' pleas of privilege.

The judgment is reversed and judgment here rendered overruling each of appellees' pleas of privilege.

On Motion for Rehearing.

██ ██ Appellees San Felipe Agricultural, Manufacturing and Irrigation Company and W. Fred West have filed a joint motion for rehearing, and appellee Palafox Exploration Company has filed a separate motion for rehearing. In each of these motions appellees contend that the decisions of the Austin Court of Civil Appeals in Posey v. Williamson, 134 S.W.2d 335, and Carleton v. Dierks, Tex.Civ.App., 195 S.W. 2d 834, are in point and controlling here. We remain convinced that those cases are readily distinguishable for the reason stated in our original opinion, that plaintiffs in the instant case are claiming no easement or interest in any of the defendants' lands. We shall discuss only the Posey case, for the reason that the Court in the Carleton

case simply followed the holding in the Posey case. If it can be contended that the Posey case has any application here, we nevertheless decline to follow that case. An easement is not only an interest in the servient estate but also an appurtenance to the dominant estate, and as such passes with title thereto. Lakeside Irrigation Co. v. Markham Irrigation Co., 116 Tex. 65, 285 S.W. 593; 15 Tex.Jur. 782, Easements, § 4. Thus, we think the holding of the Court in the Posey case, to the effect that on a venue hearing plaintiff must actually establish that he has an easement appurtenant to his land before he can maintain venue in the county of suit, has been overruled by the decisions of the Supreme Court in Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428, and Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. Since the decisions in those cases, the law is settled that on a venue hearing plaintiff's petition determines the nature of the suit, and if the facts alleged therein show that plaintiff seeks to establish title to land or an interest therein, or to remove cloud from title thereto, or seeks compensation for damages to land, it is not necessary for plaintiff to prove that he actually has title to the land. Of course, it is necessary for him to make such proof before he can recover on the merits.

Appellees vigorously contend that the decision of the Supreme Court in Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, is controlling, and that venue in the suit is governed by Art. 4656, Vernon's Ann.Civ.Stats., because they say that the suit is primarily and principally one for injunction and must be brought in the county of defendants' residence. We disagree with that contention. In the Brown case there was no dispute as to title to the lands of the parties. The suit was primarily one for perpetual injunction against defendant's maintaining on its land an antenna which interfered with the approach to plaintiff's airport, and in the alternative for damage to his airport business, not to his land. On the other hand, the primary and principal purpose of the instant suit is to establish, by declaratory judgment, the correlative water rights of plaintiffs and defendants in the waters of the Rio Grande River and the respective priorities thereto, undoubtedly appurtenances to the lands. The injunction sought is only incidental to the main relief and to protect and enforce the rights so established. Lakeside Irrigation Company v. Markham Irrigation Company, supra.

We adhere to our original opinion. The motions for rehearing are overruled.