**The VENTURA, Appellant,**

v.

**HUNTER BARRETT & COMPANY, Appellee.**

**No. 1154.**

Court of Civil Appeals of Texas, Corpus Christi.

June 9, 1977.

Rehearing Denied June 30, 1977.

---

David B. Connery, Jr., Rockport, for appellant.

Charles L. Stephens, Fort Worth, for appellee.

## OPINION

YOUNG, Justice.

This venue case arose from a suit brought in Aransas County by The Ventura against Hunter Barrett & Company. Ventura, a condominiums regime, sought through injunction to have Barrett, one of the apartment owners, remove a boat dock and fish cleaning stand from a wooden sundeck area which was a part of the common elements of the condominium. Barrett filed a plea of privilege to be sued in Tarrant County, the county of his residence. Ventura controverted the plea and sought to maintain venue in Aransas County under Tex.Rev. Civ.Stat.Ann. art. 1995, §§ 9, 12 and 14 (1964). After a hearing, Barrett's plea of privilege was sustained. Ventura has appealed.

In its appeal Ventura is not urging the applicability of Section 12 of Article 1995, but does rely on Sections 9 and 14 to hold venue in Aransas County.

Of Ventura's two points of error we will first consider its point 1 which is about Section 14. This section provides as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ To establish venue in Aransas County Ventura had the burden of establishing that the nature of the suit concerned land as contemplated by Section 14 and that the land was located in Aransas County. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954); *Noel v. Griffin & Brand of McAllen, Inc.*, 478 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1972, no writ). Ventura alleged and the evidence shows that the land is situated in Aransas County. The present dispute involves the nature of the suit brought by Ventura. In that regard, our Supreme Court has determined that where venue depends on the nature of the suit, the venue will be determined by the nature of the principal right asserted in plaintiff's petition and the relief sought therein. *Brown v. Gulf Television Company*, 157 Tex. 607, 306 S.W.2d 706 (1957).

All of which brings us to an examination of Ventura's petition. There Ventura alleged that it was a condominium regime located in Aransas County and that Barrett was owner of Apartment No. 6 of The Ventura. It was there further alleged that Barrett's ownership of Apartment No. 6 entitled him to the airspace therein and an undivided interest in the general common elements of Ventura. The common elements included a wooden sundeck which bordered on Little Bay. Then Ventura alleged that Barrett had in August and September of 1975 caused to be erected a boat slip and fish cleaning stand extending into Little Bay which were attached to the sundeck, a part of the common elements of Ventura. This action, Ventura alleged, constituted an encroachment upon, an alteration of, an appropriation of legal and equitable rights of, and a trespass to the undivided interests in the common elements of the remaining Ventura owners. It was further alleged that no adequate remedy at law existed for this action and that if Barrett was not enjoined The Ventura would suffer irreparable injury.

Barrett counters that the true nature of this suit is not one which concerns land as contemplated by Section 14 because the only relief sought is injunctive. Therefore, Barrett urges, venue lies in the county of defendant's residence under Tex.Rev.Civ. Stat.Ann. art. 4656 (1940) and Section 30 of Article 1995. Article 4656 states that writs of injunctions shall be tried in the county where the party against whom it is sought is domiciled. Section 30 provides that where a law governing a type of action prescribes venue then such venue is controlling.

Barrett relies primarily on the Supreme Court decision of *Brown v. Gulf Television Co.*, supra, to support its position. We do

not find this case controlling, however, under the facts of this case. In *Brown,* petitioners in their suit against Gulf asked, among other things, for the forced removal of a television antenna located on Gulf's land because it interfered with air traffic to a runway located on Brown's land. The Supreme Court held that the primary nature of the suit was injunctive and hence venue was not controlled by Section 14. The basis of this decision was that plaintiff's petition did not show that he was seeking an adjudication of any question involving title to or any right or interest in his land. Rather, he was seeking damages for loss of profits to a business located on real property or losses occasioned by a decrease in market value of land used for business purposes; thus there was no invasion of the land itself or right appurtenant thereto. His damages did not, therefore, arise from injury to the possession or the freehold of the estate.

■ Section 14 and Article 4656 have been construed to be consistent. The test as to which controls is that whenever it can properly be said from the pleadings that the issuance of the injunction is ancillary to a judgment awarding recovery of land or quieting title thereto, Section 14 controls. But where the petition discloses that the primary relief sought is injunctive then Art. 4656 controls. *Brown v. Gulf Television Company,* supra; *Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co.,* 267 S.W. 688 (Tex. Com.App.1925 opinion adopted).

■ In the present case Ventura is seeking to protect the interests of the owners other than Barrett in the common elements of the condominium. We hold that the common elements of a condominium are interests in land held by the owners as tenants in common. See 15A Am.Jur.2d, Condominiums, § 33 (1976). Thus, clearly this suit is one brought to restrain encroachment or interference with the possession of land or claimed right or interest therein as contemplated by Section 14.

■ It is also true, however, that the sole remedy sought by Ventura is injunctive relief. But this fact alone is not controlling. There are numerous decisions holding that suits which require the determination of a question concerning title to land, or the right to interest in land, are suits involving title to land as contemplated by Section 14 even though the only relief sought is injunctive. *Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co.,* supra; *Marshall v. Ballard,* 314 S.W.2d 368 (Tex.Civ.App.—Eastland 1958, writ dism'd); *Magnolia Pipe Line Company v. Moore,* 292 S.W.2d 142 (Tex. Civ.App.—Fort Worth 1956, writ dism'd); *Lower Colorado River Authority v. Camp Warnecke,* 267 S.W.2d 840 (Tex.Civ.App.— San Antonio 1954, no writ); *Carleton v. Dierks,* 195 S.W.2d 834 (Tex.Civ.App.—Austin 1946, no writ); *Posey v. Williamson,* 134 S.W.2d 335 (Tex.Civ.App.—Austin 1939, no writ); *Walter v. Hammonds,* 42 S.W.2d 1084 (Tex.Civ.App.—Texarkana 1931, no writ).

In his last contention urging our affirmance of the trial court's action in sustaining his plea of privilege, Barrett urges that he has successfully challenged Ventura's good faith in its allegations to hold venue in Aransas County. Barrett, in his special exceptions, raised the question of fraud on the jurisdiction for venue purposes. At the venue hearing evidence was elicited that Barrett received consent in 1968 from the Council of Co-Owners of Ventura for the construction of dock facilities. He constructed those facilities soon thereafter.

■ The rule of law in that regard is set out in *Gold v. Simon,* 424 S.W.2d 32 (Tex.Civ.App.—Fort Worth 1968, no writ). The rule is: if in a plea of privilege case wherein defendant has affirmatively alleged fraud on the jurisdiction, defendant is entitled to introduce proof that the cause does not fall within exceptions to the general venue statute and incident to such proof establishes that plaintiff has no maintainable action, then the trial court is required to remove the cause of action to defendant's county of residence. The defendant has the burden of proof on the fraud or good faith issue.

922

Here the evidence did show that Barrett had received consent in 1968 to build dock facilities in front of his apartment. Barrett constructed the dock 30′6″ wide pursuant to the consent. Then in 1975 he remodeled or reconstructed those facilities. But undisputably he widened the facility to extend at least 23″ more along and attached to the sundeck, a part of the common element of the condominium.

This evidence does not show that Ventura's action is not maintainable and thereby making his allegation for venue purposes a fraud on the jurisdiction. The evidence only shows encroachment by Barrett and tends to support Ventura's allegations. Therefore Ventura's first point is sustained.

In its other points, Ventura urges Section 9 to hold venue in Aransas County. In that we have sustained its first point thereby requiring us to reverse the trial court's action in sustaining Barrett's plea of privilege, we do not deem it necessary to resolve Ventura's second point.

The judgment of the trial court is reversed and it is here rendered that Barrett's plea of privilege is overruled.