## UVALDE ROCK ASPHALT CO. v. ASPHALT BELT RY. CO. et al. (No. 556–4097.)

(Commission of Appeals of Texas, Section A. Jan. 7, 1925.)

**1. Injunction ⬅111—Venue of suit for injunction against building railroad on lands held in county where land located, on theory that suit was trespass to try title and injunction was ancillary.**

Suit for injunction to prevent railroads from building a road on land in which plaintiff had a mineral interest, mineral consisting of rock asphalt, *held* suit in trespass to try title under Rev. St. art. 7733, such interest constituting an interest in the land of which he would necessarily be deprived by building of right of way, and hence injunction was ancillary to main cause of action, and under article 1830, subd. 14, venue would be in county where land was located.

**2. Railroads ⬅73(1)—Railroad has exclusive use of surface of right of way.**

A railroad has exclusive use of surface of land on which its right of way is located.

**3. Eminent domain ⬅274(4)—Injunction should be granted to prevent taking of property for public use without first making payment.**

An injunction should be granted to prevent taking of a citizen's property for either a railroad or public road right of way, without first making payment as provided by law.

**4. Injunction ⬅122—Affidavit to petition for injunction held not objectionable as on information and belief as to certain matters where such matters could be treated as surplusage.**

Affidavit to petition for injunction to prevent railroad from building road on land, in which plaintiff claimed a mineral interest, was not objectionable as on information and belief as to certain matters, where only facts stated on information in petition were with reference to minerals, which were not considered, and hence which might be treated as surplusage.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

On motion for rehearing. Motion granted. See 262 S. W. 736, which affirmed (Civ. App.) 256 S. W. 675.

Kampmann & Burney, of San Antonio, Martin & Martin, of Uvalde, and Andrews, Streetman, Logue & Mobley, of Houston, for plaintiff in error,

Boyle, Ezell & Grover, J. D. Wheeler, and Mason Williams, all of San Antonio, for defendants in error.

CHAPMAN, J. The original opinion in this case (262 S. W. 736) was written under the impression that it was purely a suit for injunction, but on motion for rehearing the

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

claim is made that the petition contains all the necessary allegations for suit in trespass to try title, that there is prayer for general relief, and that therefore the injunction was only ancillary to the main cause of action and that the venue is governed by subdivision 14 of article 1830 of the Revised Civil Statutes. If the suit can be classed as one in trespass to try title, then the injunction would be ancillary to the main cause of action, and said subdivision 14 of article 1830 would control the venue, and venue would be in the county where the land is located. Allen v. Menard et al., 5 Tex. 378; Royal Amusement Co. v. Columbia Piano Co. (Tex. Civ. App.) 170 S. W. 278; Palmer et al. v. Jaggaers (Tex. Civ. App.) 180 S. W. 907; Evans v. Hudson (Tex. Civ. App.) 216 S W. 491; Houston & Texas Central Ry. Co. v. City of Ennis (Tex. Civ. App.) 201 S. W. 256.

[1] As to whether this is a suit in trespass to try title depends on whether the mineral interest claimed by plaintiff in error is an interest in the land, and, if so, would the building of the railroad across the land dispossess plaintiff in error of such interest? In Benavides v. Hunt, 79 Tex. 383, 15 S. W. 396, the court had under consideration whether the right to mine coal or other minerals on certain tracts of land was an interest in the real estate, and whether the rights of lessee were governed by the limitation statute applicable to real estate. The Supreme Court held that the lessee did own an interest in the real estate, and that the limitation law applicable to real estate governed the rights of the lessee, and did so in this language:

"All the authorities recognize the fact that the owner of lands on which mines are situated may retain the fee or a less estate in the surface and convey like estates in the minerals below; but, as stated by the Supreme Court of Massachusetts, 'when so severed by the general owner and thus constituted a district estate, mines are still regarded as real estate and the general laws regarding real estate will apply to them. They must be transferred by deed; contracts in relation to them are within the statute of frauds; dower is to be assigned in them (Billings v. Taylor, 10 Pickering, 460); and all other rules regulating real estate, so far as applicable, will apply to them.'

"This being true, the statute of limitations applicable to appellees' right must be that which in terms is made applicable to lands. * * * "

[2] In Stephens County v. Mid-Kansas Oil & Gas Co., 254 S. W. 290, 29 A. L. R. 566, the Court of Civil Appeals certified to the Supreme Court the question whether the ownership of oil and gas in place under a lease was such interest or such estate in land as was subject to separate taxation, and the Supreme Court answered the question in the affirmative. We think these authorities justify us in saying that plaintiff in error owns an interest in the land. The authorities are in conflict as to whether the owner of minerals that may be removed by subsurface mining is deprived of the possession of his property by the building of a railroad across the land under which the minerals are located. Those cases holding that the owner is not dispossessed base such holding upon the ground that the owner of the minerals may operate his mines or drain his oil from under the right of way without the necessity of disturbing that portion of the surface occupied by the right of way, but the mineral in this case is of an entirely different nature to either coal or oil and is mined in an entirely different way. The petition specifically states that the rock asphalt is not removed by subsurface mining, but that it lies near the surface, and that the soil covering it must be removed before the rock asphalt can be mined. A railroad company has the exclusive use of the surface of the land on which its right of way is located, and this would necessarily deprive the owner of the rock asphalt, considering the way it is mined, from removing any of it from the land covered by the right of way, and this would, in effect, be depriving the plaintiff in error of the possession of its property.

[3] The petition contains all the other requisites of a petition in trespass to try title mentioned in article 7733, Revised Civil Statutes, and closes with a prayer for general relief. We therefore find that the suit may be classed as one in trespass to try title, that the injunction is ancillary to the main case, and that venue is in the county where the land is located. That an injunction should be granted to prevent the taking of a citizen's property for either a railroad or public road right of way, without first making payment therefor as provided by law, is so well established in this state as to not require a discussion of this question. We think that the holdings already made herein dispose of all the contentions made by defendant in error in the Court of Civil Appeals, except that defendant in error contended that the affidavit for the injunction is not sufficient. The affidavit is in this language:

"State of Texas, County of Bexar. Before me, the undersigned authority, on this day personally appeared J. B. Smyth, known to me to be a credible person, who being by me duly sworn deposes and says upon oath that he has read over the above and foregoing petition; that he is president of the Uvalde Rock Asphalt Company, the plaintiff in said petition, and is authorized as president and agent for said plaintiff to make this affidavit; that the matters of fact in said petition set forth are within his knowledge true, except such as are therein stated upon information and belief and them he verily believes to be true. J. B. Smyth.

"Sworn to and subscribed before me this the 3d day of November, A. D. 1923. M. Perle Morgan, Notary Public in and for Bexar County, Texas. [Seal.]"

[4] By an inspection of the petition it is found that the only fact stated by the affiant upon information is the statement with reference to oil and gas and other minerals other than rock asphalt. The presence of any minerals other than rock asphalt has not been considered in this case, and is not necessary for a consideration of it, and may be treated as surplusage, and, with this statement as to other minerals entirely removed from the petition, leaves it with every necessary allegation of a suit in trespass to try title and with all the necessary grounds for an injunction, and for these reasons we think that the affidavit is sufficient.

We recommend that the motion for rehearing be granted, and that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. Motion for rehearing granted, and the judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed, as recommended by the Commission of Appeals.