**J. W. MARSHALL, Appellant,**

v.

**Pat BALLARD, Appellee.**

No. 3370.

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

Rehearing Denied June 20, 1958.

Donald & Donald, Bowie, for appellant.

Ratliff & Ratliff, Haskell, for appellee.

COLLINGS, Justice.

This is a plea of privilege case. Pat Ballard brought suit in Haskell County against W. K. Myers and J. W. Marshall, but Myers has been dismissed as a party defendant. Ballard sought to enjoin the defendants from piping salt water into an abandoned oil well located on his land, which is under an oil and gas lease and is referred to as the Ballard Lease, from nearby lands covered by other oil and gas leases. The defendant Marshall filed a plea of privilege to be sued in Montague County, the place of his residence. Ballard filed a controverting affidavit claiming the right to maintain suit against Marshall in Haskell County under Subdivisions 9 and 14 of Article 1995, Vernon's Annotated Texas Civil Statutes. After hearing before the court without a jury the plea of privilege was overruled. J. W. Marshall has appealed.

Subdivision 14 of the venue statute provides that suits for recovery of land or damages thereto, to remove encumbrances on the title to land, to quiet the title to land or to prevent or stay waste on lands must be brought in the county in which the land or a part thereof is situated. In order to establish venue in Haskell County under Subdivision 14 appellee Ballard had the burden of pleading and proving two venue facts. He was required to show first that the nature of the suit concerned land as contemplated by Subdivision 14 of the statute and second that the land in-

volved was located in Haskell County. Appellee alleged and the evidence shows that the land is situated in Haskell County. The disputed question concerns the nature of the suit brought by appellee.

■ It is held that in cases where venue depends upon the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted in the plaintiff's petition and the relief sought in connection therewith. The nature of the suit is thus determined by the allegations of the plaintiff's petition. 43–B Tex.Jur. 113, 114; Brown v. Gulf Television Co., Tex., 306 S.W.2d 706; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518; Galindo v. Garcia, Tex. Civ.App., 222 S.W.2d 477.

Appellee Pat Ballard alleged that he was the owner of certain described land situated in Haskell County; that he and his wife had executed an oil and gas lease on the land in favor of appellant J. W. Marshall; that said lease was producing oil and was being operated by Marshall for himself and other parties who were interested in the lease. Ballard alleged that Marshall was interested in and operating producing oil wells on several other tracts of land in Haskell County known as the Hancock leases or lease, which other lands were in the neighborhood of and near the Ballard lease. He alleged that the oil wells operated by Marshall produced not only oil and gas but also a large amount of salt water; that Marshall had been and was still piping salt water produced from the lands known as the Hancock leases onto the Ballard lease and into an abandoned well on the Ballard lease "without the permission of and in violation of the rights of this plaintiff and to his damage." Ballard alleged that the piping of salt water from other leases onto the Ballard lease constituted a willful trespass upon his land in Haskell County and constituted damage thereto. Ballard alleged that he had many times requested Marshall to refrain from piping salt water onto his land, but that Marshall had failed and refused to refrain there-

from, and that Ballard had suffered and would in the future suffer damage if Marshall continued to pipe salt water from other leases onto his land. Ballard alleged that an action for damages would afford him no adequate relief because of his inability to determine the amount of damages he had or would suffer and prayed that the court grant a permanent injunction against Marshall perpetually prohibiting him from piping salt water from leases other than the Ballard lease onto the land of Ballard and placing the same in the abandoned oil well on his land. Ballard also prayed for all other relief to which he might be entitled under the pleadings, the law and the facts of the case.

Appellant contends that the record shows no pleadings or evidence to support the action of the court in retaining venue in Haskell County. He contends that the nature of the suit as shown by appellee's pleadings is not one which concerns land as contemplated by Subdivision 14, supra. Appellant urges that the only relief sought by Ballard is to perpetually enjoin him from piping salt water from other leases onto the Ballard lease; that the suit is an injunction suit and that venue lies in the county of the defendant's residence under Article 4656 and Subdivision 30 of Article 1995. Article 4656 provides as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the

county where either may have his domicile. Acts 1846, p. 363; P.D. 3932; G.L. vol. 2, 1669."

Subdivision 30 of Article 1995 provides as follows:

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Appellant cites the case of Brown v. Gulf Television Co., Tex., 306 S.W.2d 706, 709, as authority for his contention that the court erred in overruling his plea of privilege. The facts of that case are distinguishable from the facts of the instant case and the holding therein does not in our opinion support appellant's contention. In that case Brown, who was the owner of an airport in Brazoria County brought suit against Gulf Television Company seeking a mandatory injunction requiring the defendant to remove from its lands a television antenna which was located in the path of a runway approach approximately three and six-tenth's miles from Brown's airport. In the alternative Brown sought to recover damages from the defendant in the alleged amount of $250,-000. It was held by our Supreme Court that a perpetual injunction was the primary and principal relief sought and hence venue was not controlled by Subdivision 14. The allegations of Brown's petition did not show that he sought an adjudication of any question involving the title to his land or any right or interest therein. Brown's claim for damages was not based upon any alleged "injury to the possession, or the freehold or estate". He did not allege any invasion of his land or any right appurtenant thereto. On the contrary, Brown complained of the use which the defendant made of his own land situated more than three miles away and sought to enjoin such use and to recover damages therefor. The injuries which he sought to restrain and for which he sought damages were injuries alleged to have resulted from a claimed interference with the operation of airplanes flying over defendant's land prior to landing upon or after taking off from Brown's airport. He alleged that the tower on appellant's land constituted a hazard endangering the lives of the users of his airport, thus interfering with the operation of the airport located on his land. It was held by our Supreme Court that damage to land, as contemplated by Subdivision 14,

"does not include damages for loss of profits to a business located on real property, or losses occasioned by a decrease in market value of land used for business purposes when there is no invasion of the land itself or a right appurtenant thereto."

As stated by Judge Gannon in the Court of Civil Appeals opinion, 301 S.W.2d 256, 261:

"Any right of plaintiff or of the patrons of his airport which the petition shows to have been violated is not one in any way appurtenant as an incorporeal hereditament to plaintiff's Brazoria County land."

Brown's pleadings raised no question involving the title or a claim to a right in land and his claim for damages was not based upon "—injury to the possession, or the freehold or estate".

█ It is held, however, that a suit involving title to land or conflicting claims to land, whatever its form, comes within the provisions of Subdivision 14. Thomson v. Locke, 66 Tex. 383, 1 S.W. 112; Lester v. Hutson, Tex.Civ.App., 167 S.W. 321; Herrington v. McDonald, 141 Tex. 441, 174 S.W.2d 307; Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223. Where a plaintiff's pleadings disclose that a prayer for injunction is ancillary to a suit for the recovery of or for damages to land or to quiet title to land, it is held that the nature of the suit concerns land as contemplated by Subdivision 14, supra,

and the suit must be brought in the county where the land or a part thereof is situated. We understand this to be the holding in the case of Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co., Tex.Com.App., 267 S.W. 688, which was cited with approval by Judge Norvell in Brown v. Gulf Television Co., supra. In the Uvalde Rock Asphalt Co. case the plaintiff sought to enjoin the railway company from building a road on land in which the plaintiff alleged it had a mineral interest consisting of rock asphalt. It was held by the Commission of Appeals in an opinion approved by our Supreme Court that since the mineral interest claimed by the plaintiff was an interest in land and the building of the railroad across the land would dispossess plaintiff, that the suit was in effect one of trespass to try title and the injunction was ancillary to the main cause of action and venue was in the county where the land was located under Subdivision 14. In numerous other cases it has been held that suits which required the determination of a question concerning title to land, or the right to an interest in, or the use of, or damages to the land itself, are suits involving title to land as contemplated by Subdivision 14 even though the only relief sought is an injunction. It is held in such cases that the injunctive relief is ancillary to the alleged cause of action, the basis of which is damage or injury to the land itself, or a disputed claim to the title to land, or some right or interest appurtenant thereto.

In the case of Walter v. Hammonds, Tex. Civ.App., 42 S.W.2d 1084, it was held that a suit to restrain a defendant from entering on land, exploring for and taking mineral therefrom, was a suit involving the title to land under Subdivision 14. In the case of Jackson v. First National Bank, Tex.Civ. App., 290 S.W. 276, (Writ Dis.), it was held that a suit to restrain trespass on and interference with the possession of land must be brought in the county where the land lies. In the case of Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834,

it was held that where a suit to enjoin a defendant from locking gates on a roadway involved the issue of whether the plaintiff's right to use the roadway constituted an easement or was permissive only, the suit involved an interest in the land and venue was properly laid in the county where the land over which the easement was claimed was located. Also see Posey v. Williamson, Tex.Civ.App., 134 S.W.2d 335. The case of Lower Colorado River Authority v. Camp Warnecke, Tex.Civ. App., 267 S.W.2d 840, was a suit by lower riparian owners against the upper riparian owners who operated a steam generating plant. There the suit was against the defendants to establish plaintiff's water right, to quiet their title thereto and to enjoin the pollution and heating of the river water. It was held that the plaintiff's water rights constituted a part of their land and that their suit was properly brought in the county where such land was located. The case of Magnolia Pipe Line Co. v. Moore, Tex.Civ.App., 292 S.W.2d 142 (Writ Dis.), was a suit by the pipeline company to enjoin the defendants from building a dam and flooding rights of way, easements and pipelines owned by the company. It was held that the pipeline company would be required to establish its claimed easement before it was entitled to recover, that the easement was an interest in the land and that venue should have been laid in the county where the land was situated.

Cases in which land was involved and it was held that injunctive relief was the primary and principal right and relief asserted and sought have been cases which involved claims for damages to crops, loss of profits to a business located on land or a decrease in the value of land for business purposes, when there was no invasion of the land itself or a right appurtenant thereto, or have been cases where no question concerning any interest in or title to the land was material to a disposition of the case. It is held that such cases do not involve land or damages

thereto as contemplated by Subdivision 14. Brown v. Gulf Television Co., supra; Bowman v. Muncy, Tex.Civ.App., 197 S.W.2d 866. We have found no case, however, in which injunctive relief was sought to restrain alleged "injury to the possession, or the freehold or estate", or to restrain encroachment, or trespass upon or interference with the possession of the land itself or a claimed right or interest therein or in which a question concerning title or some claimed interest in the land was material to a disposition of the case in which it was not held that the nature of the case came within the provisions of Subdivision 14.

 The injury and damages alleged by appellee in the instant case are not "damages for loss of profits to a business located on real property, or losses occasioned by a decrease in market value of land used for business purposes when there is no invasion of the land itself or a right appurtenant thereto." The cause of action alleged by Ballard is similar to that alleged in Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co., supra, and in other like cases cited, in that in each the pleadings disclose a controversy concerning a right or interest in, or damage to land itself and an injunction sought in protection of the claimed right. The holdings in the cited cases that the injunctive relief sought in each was ancillary to an alleged cause of action involving land as contemplated by Subdivision 14, in our opinion, determine the disposition of this appeal. See also Palmer v. Jaggaers, Tex.Civ.App., 180 S.W. 907 and Geary v. Word, Tex.Civ.App., 259 S.W. 309. Ballard's petition and the relief which he sought shows that the principal right asserted was a right in the land itself which he alleged was being violated. He alleged that he was the owner of the land under an oil and gas lease referred to as the Ballard Lease; that Marshall who was operating the lease for himself and others was piping salt water from other leases into an abandoned oil well on his land without his permission and in violation of the rights of Ballard. Appellee's right to recover under his pleadings hinges upon the right of the lessee in the oil and gas lease under which Marshall was and is operating the Ballard lease. His pleadings and the relief sought necessarily require a determination of conflicting claims to a right in the land. Ballard also alleged injury and damage to the land itself. He alleged that Marshall had injured and was continuing to injure and damage his land by piping salt water into the abandoned oil well. The injury for which he sought relief was "injury to the possession or the freehold or estate". The injunctive relief sought by Ballard was ancillary to and in protection of the principal right asserted in his pleadings. The nature of the suit in our opinion comes within the provision of Subdivision 14, supra. The trial court properly overruled appellant's plea of privilege to be sued in the county of his residence.

The judgment of the trial court is affirmed.