**Ralph H. ROACH and Ralph H. Roach Petro, Ltd. # 2, Appellants,**

v.

**CHEVRON U.S.A., INC., Appellee.**

No. 16092.

Court of Civil Appeals of Texas, San Antonio.

Nov. 1, 1978.

Pickering & Vendig, Don W. Davis, Collie, McSpedden, Roberts & Davis, Dallas, for appellants.

George D. Byfield, C. Morris Davis, Marc O. Knisely McGinnis, Lochridge & Kilgore, Austin, for appellees.

MURRAY, Justice.

This is an appeal from an order overruling a plea of privilege. Chevron U.S.A., Inc., hereinafter referred to as Chevron, brought suit in Karnes County, Texas, against Ralph H. Roach and Ralph H. Roach Petro, Ltd. No. 2, hereinafter referred to as Roach. In its petition, Chevron alleged that its suit was for declaratory and injunctive relief in connection with Roach's asserted rights under two oil and gas leases as against the rights of Chevron under a mining lease. The defendants filed a joint plea of privilege to be sued in Dallas County, the place of their residence. Defendants pleaded that no exception to exclusive venue in the county of one's residence existed and, further, that venue lies in Dallas County pursuant to the provisions of subdivision 30 of Article 1995 and Article 4656 of Texas Revised Civil Statutes. Chevron filed a controverting affidavit claiming the right to maintain suit against Roach in Karnes County pursuant to subdivision 14 of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). After hearing before the court, the plea of privilege was overruled.

The dispute in this case centers on who has superior rights to use the surface of 192 acres in Karnes County under lease by both parties. Chevron owns a surface mining lease on the 192 acres which allows it to conduct open pit mining operations from the surface down to a depth of 250 feet. This lease grants to Chevron the right to use so much of the surface as is reasonably necessary to carry out its mining operations. In addition, Chevron owns the surface fee in part of the land under two general warranty deeds. On the other hand, Roach owns two oil and gas leases covering the same property. Roach re-entered an abandoned well located within the disputed tract and reworked it, which resulted in production of oil. Under its leases, Roach is entitled to use five acres around this well, which is not located within Chevron's surface fee estate, and a single access road to conduct operations on such well. Presently, Chevron's strip mining operation for uranium reserves is approaching the disputed tract. As a result, Chevron brought suit claiming superior rights to use all of the disputed tract necessary for its mining operations and seeking possession of the tract to the exclusion of Roach during the period of time that Chevron will need the disputed tract to carry out its open pit mining operations. Chevron asks that such possession be enforced by issuance of an injunction against Roach.

Appellants' only contention is that the trial court erred in overruling their joint plea of privilege because the principal and primary relief sought by Chevron was injunctive in nature; therefore, venue lies in Dallas County under Article 4656. Appellee, Chevron, urges that the primary purpose of this suit is not to secure injunctive relief; rather, this is a suit concerning land as contemplated by subdivision 14 of Article 1995.

The pertinent portions of the statutes involved are as follows:

Art. 1995. Venue, general rule

No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

. . . . .

14. Lands.--Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to

quiet the title to land, . . . must be brought in the county in which the land, or a part thereof, may lie.

. . . . .

30. Special Venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

Art. 4656. Jurisdiction for trial.

[W]rits of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, . . . .

Tex.Rev.Civ.Stat.Ann. art. 1995 §§ 14 and 30 (Vernon 1964) and art. 4656 (Vernon 1952).

Although both Article 4656 and subdivision 14 of Article 1995 appear to conflict, the Supreme Court harmonized them in *Brown v. Gulf Television Co.*, 157 Tex. 607, 306 S.W.2d 706 (1957). In *Brown*, the Supreme Court held:

The directions in both Article 1995, § 14 and Article 4656 are stated in mandatory terms. They need not be and have not been construed as conflicting. Whenever it can properly be said from the pleadings that the issuance of an injunction is merely ancillary to a judgment awarding a recovery of lands or quieting the title thereto, Article 1995, § 14 has application. (citations omitted). On the other hand where the petition discloses that the issuance of a perpetual injunction is the primary and principal relief sought, the special venue provisions of Article 4656 control.

306 S.W.2d at 708. Under this standard, the only question presented is whether this is a suit for the recovery of land within the meaning of subdivision 14 of Article 1995, or a suit primarily to secure an injunction.

■ To satisfy subdivision 14, two venue facts must be established: (1) the location of the land, and (2) the nature of plaintiff's claim. 1 McDonald, Texas Civil Practice, *Venue* § 4.22.1 (1965). Since it is undisputed that the land is located in Karnes County, we need only determine the nature of Chevron's claim. The nature of plaintiff's claim is determined by the principal right asserted and the relief sought for the breach thereof. *Brown v. Gulf Television Co.*, 157 Tex. 607, 306 S.W.2d 706 (1957); *Marshall v. Ballard*, 314 S.W.2d 368 (Tex.Civ.App.—Eastland 1958, writ dism'd). Therefore, we must look first to plaintiff's pleadings and the relief he seeks. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955).

Chevron states in its petition that this is a suit for declaratory judgment and injunctive relief. Chevron alleges that its rights and interest are superior to those of Roach because its mining lease is prior in time to the Roach oil and gas leases. Chevron also alleges that it has a right to use all of the disputed tract necessary for its mining operations and seeks exclusive possession of the surface and the subsurface (down to 250 feet) of the disputed tract for the duration of its mining operation. Such possession is to be enforced by injunction, both mandatory and prohibitory. Accordingly, Chevron seeks to enjoin within the 192 acres the operation of the well, the drilling of any other wells, the construction and installation of pipelines, roads or other facilities, and to require Roach to plug the well below a depth of 250 feet and to cease production until Chevron has completed its use of the land.

Appellants contend that the nature of the suit as shown by Chevron's pleadings is not one which concerns land as contemplated by subdivision 14 of Article 1995. Appellants maintain that there are no allegations in the petition as to any conflict in title or ownership between the mineral estates of the parties. The allegations merely show a conflict between leaseholders as to temporary use of the surface. Consequently, appellants argue that the primary relief sought by Chevron is to enjoin Roach's operation of the well and use of the property which cannot be considered ancillary or subordinate to other relief sought.

In their brief and argument to this court, appellants primarily rely on *O'Connor v. Shannon*, 30 S.W. 1096 (Tex.Civ.App.—1895, writ dism'd). Appellants cite and discuss this case as authority for their contention that surface or strip mining does not present a case within the terminology of subdivision 14 of Article 1995. In *O'Connor*, plaintiffs sought an injunction to restrain defendants from entering upon land and removing stone from the quarry and also sought damages for the value of stone removed. Plaintiffs alleged that the defendants had conveyed to them all the stone on a certain tract of land together with the exclusive right to enter upon the land in order to quarry the stone. Plaintiffs also alleged that defendants had entered upon the land in derogation of plaintiffs' rights and quarried and converted the stone to defendants' own use. Defendants sought transfer of the suit to the county of the land's situs under a predecessor statute to subdivision 14 of Article 1995, which the trial court denied. In upholding this venue decision, the appellate court said that "the suit was merely for the purpose of enjoining appellants from interfering with appellees' exclusive right to quarry stone from such land, and to recover damages . ." and it was not a suit for recovery of land within the meaning of that statute which was in substance identical to subdivision 14.

In *O'Connor*, the suit was primarily for an injunction which required interpretation of a contract between the parties. The case did not concern conflicting claims to the same surface of land by two valid underlying mineral leases or an invasion of rights appurtenant to interests in land, as involved herein. The facts of *O'Connor* are, therefore, distinguishable from the facts of the instant case, and the holding therein does not in our opinion support appellants' contention.

 Under its mining lease, Chevron owns an interest in land. *Benavides v. Hunt*, 79 Tex. 383, 15 S.W. 396 (1891); *Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co.*, 267 S.W. 688 (Tex.Comm'n App. 1925, judgmt adopted). The oil and gas leases give Roach a determinable fee in the oil and gas in place *Tennant v. Dunn*, 130 Tex. 285, 110 S.W.2d 53 (1937); *W. T. Waggoner Estate v. Sigler Oil Co.*, 118 Tex. 509, 19 S.W.2d 27 (1929), which is also an interest in land. *Sheffield v. Hogg*, 124 Tex. 290, 77 S.W.2d 1021 (1934); *Martin v. Dial*, 57 S.W.2d 75 (Tex.Comm'n App.1933, judgmt adopted). Under both of these leases, rights to the surface are incident to the ownership of these interests in land.

 It has been held that "a suit involving title to land or conflicting claims to land, whatever its form, comes within the provisions of subdivision 14." *Marshall v. Ballard*, 314 S.W.2d at 371. *See Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112 (1886). Subdivision 14 applies when there has been an invasion of the land itself or of a right appurtenant thereto. *Brown v. Gulf Television Co.*, 157 Tex. at 611, 306 S.W.2d at 709. Appellants admit that plaintiff's allegations present a case of conflict between leaseholders as to temporary use of the surface. Therefore, subdivision 14 controls because such a conflict affects rights appurtenant to the ownership of interests in land. The primary relief requested herein is a determination and declaration of who has superior rights to use the surface of this land. The issuance of an injunction is merely ancillary to Chevron's request for recovery of the land, for removal of incumbrances to title of land and for quieting its title.

On this issue, we consider the case of *Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co.*, 267 S.W. 688 (Tex.Comm'n App. 1925, judgmt adopted), as controlling. In *Uvalde Rock Asphalt*, the only relief sought by plaintiff was to enjoin the Asphalt Belt Railway Company from building a railroad track on its right-of-way which crossed land in which plaintiff claimed it had a mineral interest consisting of rock asphalt. Plaintiff further alleged that it was vested with possession of the land, particularly the surface, for the purpose of developing the mineral deposits. The possession of the surface was vital because the rock asphalt could only be removed by strip mining. The

Commission of Appeals held that since the mineral interest claimed by plaintiff was an interest in land and the building of a railroad across the land would deprive him of possession of his property, the suit was in effect one of trespass to try title and the injunction was ancillary to the main cause of action. As a result, venue was proper in the county where the land was located under subdivision 14.

Relying on *Uvalde Rock Asphalt Co.* and numerous other cases, the court in *Marshall v. Ballard* stated that:

> [S]uits which required the determination of a question concerning title to land, *or the right to an interest in, or the use of,* or damages to the land itself, *are suits involving title to land as contemplated by Subdivision 14 even though the only relief sought is an injunction.* It is held in such cases that the injunctive relief is ancillary to the alleged cause of action, the basis of which is damage or injury to the land itself, or a disputed claim to the title to land, *or some right or interest appurtenant thereto.* (emphasis added)

314 S.W.2d at 372. Chevron and Roach primarily have a conflict over rights to an interest in and the use of the surface of the 192-acre tract. Having clear title to different minerals under the same land, Chevron and Roach have a disputed claim to some right or interest appurtenant to the title to land.

In venue cases which have involved claims for damages to crops, loss of profits to a business located on land or a decrease in the value of land for business purposes, it has been held that such cases do not involve land or damages thereto as contemplated by subdivision 14 because there was no invasion of the land itself or a right appurtenant thereto. No question concerning any interest in or title to the land was material to a disposition of these cases. *Marshall v. Ballard,* 314 S.W.2d at 372–373. The nature of Chevron's claim does not come within the ambit of the above-described cases. In *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959), Judge Norvell cited *Marshall* with approval

holding that it did not conflict with the Supreme Court's holding in *Brown v. Gulf Television Co.*

We conclude that the injunctive relief sought by Chevron was ancillary to and in protection of the principal right asserted in its pleadings. Consequently, the nature of the suit comes within the meaning of subdivision 14 of Article 1995. The trial court properly overruled appellants' joint plea of privilege to be sued in the county of their residence.

The judgment of the trial court is affirmed.