**Hugh R. GOODRICH, et al., Appellants,**

v.

**SUPERIOR OIL COMPANY, Appellee.**

**No. B3022.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1982.

Frank Caton, Crain, Caton, James & Womble, Houston, for appellants.

Ben H. Sheppard, Jr., Vinson & Elkins, Houston, for appellee.

Before MURPHY, SAM ROBERTSON and JAMES, JJ.

SAM ROBERTSON, Justice.

Appellants brought suit in Harris County against a Nevada corporation with its prin-cipal place of business in Harris County alleging damages for tortious interference with oil and gas leases covering property located in Lavaca County. Appellee's plea of privilege to be sued in Lavaca County pursuant to Tex.Rev.Civ.Stat.Ann. art. 1995 § 14 (Vernon 1964) was sustained by the trial court's order of November 17, 1981, and appellants appeal arguing that proper venue lies in Harris County under Tex.Rev. Civ.Stat.Ann. art. 1995 § 23 (Vernon 1964). We agree and reverse.

Our basic venue statute, Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1964), provides that one has a right to be sued in the county of his domicile subject to specific, enumerated exceptions. Appellant brings two points of error for review, both of which raise the question whether venue in this suit is controlled by two of those excep-tions, section 14, relating to suits involving land, or section 23, relating to suits against corporations.

As between these two sections, the for-mer, section 14, is mandatory and controls over section 23, which is permissive. *Lan-caster v. Renwar Oil Corp.,* 270 S.W.2d 289, 291 (Tex.Civ.App.—Dallas 1954), rev'd on other grounds, 154 Tex. 311, 276 S.W.2d 774 (1955). Thus, the question before us is whether the trial court erred in sustaining appellee's plea of privilege to be sued in the county where the land is located pursuant to section 14, since section 23 is clearly applicable.

Tex.Rev.Civ.Stat.Ann. art. 1995 § 14 (Vernon 1964) states:

Suits for recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

Thus, the essential venue facts under this section are that the land be located, at least in part, in the county where venue is sought and that the suit itself seek one of the recoveries specified in the statute above. Since the parties have stipulated that the land is in Lavaca County, the nature of the

suit is the pivotal venue fact under consideration, and we look to the appellants' first amended original petition to determine the principal right asserted and the relief sought. *Tennessee Gas & Transmission Co. v. Heard*, 190 S.W.2d 518 (Tex.Civ.App.—San Antonio 1945, no writ).

It seems clear that appellants' allegations are in the nature of a suit for tortious interference with contract rights and do not seek to recover land or damages thereto, to remove an encumbrance upon or quiet title to land, nor to prevent or stay waste on lands. Appellants allege that they had certain oil and gas leases held by one producing well which developed temporary mechanical problems. While repairs were in process, appellants allege that appellee, with knowledge of the foregoing leases, approached appellants' lessors and solicited their repudiation of the existing leases and new leases in appellee's favor by promises of substantial signing bonuses, royalties, and payment of any legal expenses arising from appellants' leases. Appellants further allege that the lessors' action in locking plaintiffs off the property to prevent further repair efforts was only after communications and meetings with appellee.

By another suit, styled *Hugh R. Goodrich, et al. v. Thomas Grahmann, et al.* (Cause No. 13,897 in the 25th District Court of Lavaca County, Texas), appellants seek a temporary injunction against these lessors, permitting continuation of the aforementioned repairs, and a declaratory judgment that appellants' leases are valid and continue in force and effect. That suit will unquestionably resolve issues as to the mineral estate. This suit seeks "money damages resulting from ... *[appellee's] interference with ... [appellants'] leases,* measured by the profits ... [appellant] would have obtained" (emphasis added) from the existing well.

 It is the law of Texas that "where one knowingly induces another to break his contract with a third person, such third person has a right of action against the one so causing the breach for any damages resulting to him by such breach...." *Raymond v. Yarrington*, 96 Tex. 443, 73 S.W.

800, 803 (1903); *Sabine Production Co. v. Frost Nat. Bank*, 596 S.W.2d 271, 275 (Tex. Civ.App.—Corpus Christi 1980, no writ); *Woodruff v. Bryant*, 558 S.W.2d 535, 542 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

Appellee argues that this is a suit for damages to land because a mineral lease is an estate in land, *Elliff v. Texon Drilling Co.*, 146 Tex. 575, 210 S.W.2d 558, 561 (1948), and section 14 applies where there has been "an invasion of the land itself or of a right appurtenant thereto." *Roach v. Chevron U.S.A. Inc.*, 574 S.W.2d 200, 203 (Tex.Civ.App.—San Antonio 1978, no writ). Thus, appellee reasons that interference with contractual rights under a mineral lease is controlled by the above venue exception.

Appellee's arguments are unpersuasive. Even if appellants are successful in the suit before us, the questions raised in appellants' suit for temporary injunction and declaratory judgment will remain. We see no reason to hold that *measuring* damages by lost profits which could have been obtained were it not for a third party's tortious interference with contract rights is a suit for damages to land.

 Accordingly, we hold that Tex.Rev. Civ.Stat.Ann. art. 1995 § 14 (Vernon 1964) does not apply to the case before us and venue properly lies in Harris County.

The judgment of the trial court is reversed, and judgment is here rendered overruling appellee's plea of privilege.