**WEST TEXAS UTILITIES COMPANY,**
**Appellant,**

v.

**HASKELL COUNTY, Texas, et al.,**
**Appellees.**

**No. 4543.**

Court of Civil Appeals of Texas,
Eastland.

Jan. 19, 1973.

Rehearing Denied Feb. 9, 1973.

**238**

Wagstaff, Harrell, Alvis, Erwin & Stubbeman (Robert H. Alvis), Abilene, Charles E. Brownfield, Jr., Stamford, for appellant.

Andrews & Andrews (Raymond Hollabaugh), Stamford, Adkins & Chapman (Charles Chapman), Haskell, for appellees.

BROWN, Justice.

Haskell County, acting through the Commissioners Court, and three individual landowners were granted a temporary injunction against West Texas Utilities Company, a Texas corporation authorized to manufacture, sell and distribute electric energy in the state. The order generally restrained the Utilities from erecting an electric line along a road in Haskell County. Additionally, Utilities' plea of privilege was overruled. From these interlocutory orders Utilities has appealed.

Utilities in their plea of privilege sought to be sued in Taylor County, the place of their residence, under Article 4656 *, Vernon's Ann.Civ.St., maintaining that the true nature of plaintiffs' cause of action is to enjoin Utilities from erecting an electric line along a public road easement. Plaintiffs in their controverting affidavit claim their right to maintain the suit in Haskell

* Article 4656: " . . . writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts . . ."

County under Subsection 14, Article 1995, V.A.C.S. To establish venue in Haskell County under Subsection 14, plaintiffs had the burden of pleading and proving (1) the land was located in Haskell County and (2) that the nature of the suit concerned land as contemplated by Subsection 14 of the statute. There is no dispute the land lies in Haskell County nor that the Utilities home office is in Taylor County. Thus on the venue issue the only disputed question is the nature of the suit.

This Court in Marshall v. Ballard, 314 S.W.2d 368 (Tex.Civ.App.–Eastland 1958, writ dism'd.) stated:

"It is held that in cases where venue depends upon the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted in the plaintiff's petition and the relief sought in connection therewith. The nature of the suit is thus determined by the allegations of the plaintiff's petition. 43–B Tex.Jur. 113, 114; Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706; Tennessee Gas & Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518; Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477."

■ The petition in the case at bar is replete with allegations by the landowner plaintiffs of being dispossessed of their property by the defendant, its agents, servants and employees; of their premises being unlawfully possessed by the defendant; of the taking of their property without due process of law and damages to their property as a result of the erection of poles thereon. Therefore, the nature of the suit being for recovery of land or damages thereto and the injunction ancillary, Subsection 14, Article 1995, V.A.C.S., is the applicable statute as to the venue question. The trial court is affirmed in its ruling on the plea of privilege.

■ Rule 683, Texas Rules of Civil Procedure provides:

"Every order granting an injunction . . . shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained;"

These requirements are mandatory. Eastex Wildlife Conservation Association v. Jasper et al., County Dog and Wildlife Protective Association, 450 S.W.2d 904 (Tex. Civ.App.–Beaumont 1970, writ ref'd n. r. e.); City of Fort Worth v. McDonald, 293 S.W.2d 256 (Tex.Civ.App.–Fort Worth 1956, writ ref'd n. r. e.); Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953); Gonzalez v. Rodriguez, 250 S.W.2d 253 (Tex.Civ. App.–San Antonio 1953, no writ hist.).

■ An injunction must be definite, clear and concise. The cases state it should leave nothing for further hearing and decision. Gulf Oil Corporation v. Walton, 317 S.W.2d 260 (Tex.Civ.App.–El Paso 1958, no writ hist.); Villalobos v. Holguin, 146 Tex. 474, 208 S.W.2d 871 (1948); Borden Co. v. Local No. 133 of International Brotherhood of Teamsters, Chauffeurs, Stablemen, and Helpers of America, 152 S.W.2d 828 (Tex.Civ.App.–Galveston 1941, error ref.).

The injunctive order in this case restrained Utilities as follows:

"from erecting said distribution line in question in this suit upon any property belonging to each of the individual Plaintiffs in this suit without due process of law, and the Defendant, West Texas Utilities Company, its agents, servants, and employees, are also enjoined from erecting said distribution line in question in this lawsuit upon and along said road in question in this lawsuit so as to interfere with the rights of the general public's use of said road and to interfere with the right of Haskell County in the maintenance of said road;"

■ It is our opinion that the order fails to meet the standards of definiteness,

clearness and conciseness as required. It fails to enunciate the action that would interfere with the use and maintenance of the road; it fails to define the proper description of the lands of the individual plaintiffs or the "road in question". Therefore, we are of the opinion the injunctive order is void for uncertainty and should be dissolved.

The judgment of the trial court is affirmed as to its ruling on the plea of privilege and reversed as to its issuance of the temporary injunction and said injunction is dissolved.