William R. SCOTT et ux., Appellants,

v.

WHITTAKER PIPELINE CONSTRUC-
TORS, INC., Appellee.

No. 12196.

Court of Civil Appeals of Texas,
Austin.

Dec. 18, 1974.

Elvis G. Schulze, Kemp & Prud'homme,
Austin, for appellants.

Milton L. Bankston, Jo Anne Christian,
Stubbeman, McRae, Sealy, Laughlin &
Browder, Austin, for appellee.

O'QUINN, Justice.

Appellants brought suit in Hays County for damages to their land, situated in Hays County, and joined appellee and two other corporations as defendants.[1] Whittaker Pipeline Constructors, Inc., one of the appellees, filed its plea of privilege to be sued in Harris County, in which the corporation is domiciled and maintains its principal office of business. The other defendants filed answers and did not seek a change of venue.

Appellants filed a controverting plea, duly verified by affidavit, in which it was stated that the suit was brought for damages to land situated in Hays County where suit was filed, in reliance on subdivision 14 of Article 1995, Vernon's Ann. Civ.St., and also stated appellants' reliance on subdivisions 9a, 23, and 29a to maintain suit in Hays County.

Whittaker Pipeline Constructors contended at the hearing on the plea of privilege that the controverting plea was insufficient because it did "not set forth the necessary facts to bring any of the alleged cause of action under those venue subsections, nor does it incorporate his [their] petition so that he [they] could refer to the petition to supply the missing facts."

The trial court sustained the plea of privilege and ordered the cause as to Whittaker Pipeline transferred to the district court of Harris County.

We will reverse the ruling of the trial court and render judgment that the plea of privilege be overruled.

The appellants rely principally on subsection 14 of Article 1995 to maintain venue in Hays County. Appellee joins issue on subsection 14 and contends that the controverting plea, which did not by express language incorporate appellants' petition, ". . . did not set forth the neces-

sary venue facts under Subsection 14 of Article 1995, and since the petition was not incorporated therein, there was no basis to support Appellant's [Appellants'] introduction of any type evidence."

Appellee concedes that subsection 14 "requires only that damage to land be alleged," but insists that only if the "petition is incorporated in the controverting affidavit, the Court may look to the petition to determine as a matter of law if the petition contains allegations of damage to land. Proof of the location of the land may be introduced at the hearing. Appellant [Appellants] failed to fulfill the basic prerequisites for establishing the venue facts required under Subsection 14 . . ."

Appellants' controverting plea contains a general denial of the allegations in the plea of privilege, and asserts "that there are no less than four (4) exceptions to exclusive venue in this cause . . ." The controverting plea continues with allegations that: "This cause of action is brought about by damages to land sustained by the Plaintiffs as a result of the joint and several negligence and particularly the negligence of Whittaker Pipeline Constructors, Inc., the party asserting a Plea of Privilege. . . ."

The controverting plea quotes subdivision 9a of Article 1995 and states: "There is no question, but that these venue facts are shown in Plaintiff's [Plaintiffs'] Original Petition." The plea sets out subdivision 14 and alleges: "Again, there is no question but that the damages to land made the basis of this suit occurred in Hays County where the land is situated." The plea repeats subdivision 23 and then asserts: "The cause of action arose in the county to which this suit has been brought." After setting out subdivision 29a, plaintiffs urge in their plea that appellee is a necessary party, that the other defendants have accepted venue in Hays

---

1. Appellants, plaintiffs below, are William R. Scott and wife, Bessie E. Scott, and defendants below are Lower Colorado River Authority, Coastal States Gas Producing Company, and Whittaker Pipeline Constructors, Inc.

County, and that to grant appellee's plea of privilege would result in a multiplicity of suits "unauthorized under . . . Section (30) Special Venue." In conclusion, the plea asserts: "Referring back to Section (14) . . . the law says that the suit *must* be brought in the county in which the land or part thereof may lie," and prays that the plea of privilege be overruled.

■ The Supreme Court in 1954 resolved a conflict among the courts of civil appeals as to what venue facts a plaintiff must prove to establish an exception under subdivision 14 of Article 1995 to defeat a plea of privilege seeking to remove a suit for damages to land from the county in which the land is situated. It is settled that the only "venue facts" required under subdivision 14 in a suit for damages to land are (1) the nature of the suit and (2) that the land is in the county of the suit. Piazza v. Phillips, 153 Tex. 115, 264 S.W. 2d 428 (1954); Hidalgo and Cameron Counties Water Control and Improvement District v. Maverick County Water Control and Improvement District, 349 S.W.2d 768, 770 (Tex.Civ.App. San Antonio 1961, writ dsmd.); 1 McDonald: Texas Civil Practice, secs. 4.22.1, 4.22.4(b) (1965); 32 Tex.L.Rev. 617 (1954).

■ When it is shown that any party, in this case the appellants, is entitled to the privilege properly claimed under subdivision 14, provisions of that subdivision are mandatory and will prevail over a merely permissive venue provision. Langdeau v. Burke Investment Company, 163 Tex. 526, 358 S.W.2d 553 (1962), affirming San Antonio Court of Civil Appeals (351 S.W.2d 287) and resolving prior conflict with Austin Court of Civil Appeals in Bennett v. Langdeau, 348 S.W.2d 179 (1961).

■ Appellants alleged in their controverting plea that the land for which damages are claimed in their petition is situated in Hays County, in which suit was brought, and referred explicitly to their Original Petition. At the hearing one of the appellants testified that the land involved is in Hays County and that it was for damages to such land that suit was brought. The fact that the land is in Hays County was established, and the nature of the suit, being a question of law, was for determination by the trial court from the original petition. Renwar Oil Corporation v. Lancaster, 154 Tex. 311, 276 S.W.2d 774 (1955); Harwood v. Hunt, 473 S.W.2d 287, 292 (Tex.Civ.App. Beamont 1971, no writ).

■ The nature of the suit is determined by the court, as a matter of law, solely from the facts alleged in the petition, the rights asserted, and the relief sought. Renwar Oil Corporation v. Lancaster, *supra*; Shellberg v. Shellberg, 428 S.W.2d 117, 120 (Tex.Civ.App. Fort Worth 1968, writ dsmd.); Edgar v. Bartek, 507 S.W.2d 831, 835 (Tex.Civ.App. Corpus Christi 1974, writ dsmd.); Ashby v. Delhi Gas Pipe Line Corporation, 500 S.W.2d 686, 689 (Tex.Civ.App. San Antonio 1973, writ dsmd.); City of Wichita Falls v. State ex rel. Vogtsberger, 509 S.W.2d 661, 662 (Tex.Civ.App. Fort Worth 1974, no writ).

Without setting out in detail the allegations of appellants' original petition, it is clear from examination of the entire petition that appellants are suing the defendants for various kinds of physical damage to appellants' land in Hays County which appellants allege were caused while defendants were laying a pipe line or pipe lines across the land and when defendants failed to confine their work and other activities to an easement across the land. Appellants pray for actual damages in the sum of $3,500 and for exemplary damages in the same amount. We hold that as a matter of law the petition states an action in the nature of suit for damages to land within the terms of subsection 14 of Article 1995.

Appellee contends that only if "the petition is incorporated in the controverting affidavit" may the court "look to the peti-

tion to determine as a matter of law if the petition contains allegations of damage to land." Although appellants did not expressly make their original petition a part of the controverting plea, they made reference to the petition and made it clear that allegations in the plea were to be found in the petition.

■ Under the exceptions to Article 1995 found in subdivisions such as 14 and 5, where plaintiff is not required to establish a *prima facie* cause of action, it is not necessary to make the petition a part of the controverting plea. Under these exceptions the plaintiff is required only to allege the "venue facts" which are applicable to take the case from the general rule of venue, and the court may look to the petition to ascertain as a matter of law the nature of the suit. Pitt Grill, Inc. v. Albert, 432 S.W.2d 160, 163 (Tex.Civ.App. Dallas 1968, no writ) and cases cited. See also Marshall v. Ballard, 314 S.W.2d 368 (Tex. Civ.App. Eastland 1958, writ dsmd.); Stewart v. Whitworth, 453 S.W.2d 875 (Tex.Civ.App. Houston 1st 1970, writ dsmd.); West Texas Utilities Company v. Haskell County, 490 S.W.2d 237 (Tex.Civ. App. Eastland 1973, no writ).

It was very early established that plaintiff, in claiming the exception under subdivision 14, alleges in the controverting affidavit (1) the nature of the suit and (2) that the land lies in the county of suit, after which plaintiff makes proof of the fact that the land lies in the county of suit, and the court determines from the petition whether, as a matter of law, the suit is of such nature as to fall under the exception. Dees v. McDonald, 36 S.W.2d 301 (Tex. Civ.App. El Paso 1931, no writ); Galbreath v. Farrell, 221 S.W. 1015 (Tex.Civ. App. Dallas 1920, writ ref.); Stuart v. Herman, 157 S.W.2d 939 (Tex.Civ.App. Fort Worth 1941, no writ).

The nature of the suit should be determined by reference to the petition "whether such petition is adopted as a part of the controverting affidavit or not." Tennessee

Gas and Transmission Co. v. Heard, 190 S.W.2d 518, 520 (Tex.Civ.App. San Antonio 1945, no writ). The only issue of fact to be determined upon the hearing of the plea of privilege is where the land is located, and "the court will determine the nature of the suit from the plaintiff's pleadings." Holmes v. Jackson, 200 S.W.2d 276, 279 (Tex.Civ.App. Waco 1947, no writ).

Appellee relies on the rule of Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391 (1938), as followed later in Leonard v. Maxwell, 365 S.W.2d 340 (Tex.Sup.1963), in contending that "The general rules of venue do apply to Subsection 14 . . . and it was so held in Jefferies v. Dunklin . . . ." In Jefferies v. Dunklin the Supreme Court stated that under the terms of the applicable statute ". . . the controverting plea [of plaintiff] must set out specifically the fact, or facts, relied on by the plaintiff to establish venue in the court where the case is pending." In that case plaintiffs, by their controverting plea, sought to answer only the plea of privilege filed by defendant in which the sole question of defendant's residence was raised. The trial court sustained the plea of privilege, not on the basis of defendant's residence, but "because the land, the title to which was involved in the suit, was located in" the county to which the cause was removed. The Supreme Court approved this action. Jefferies v. Dunklin stands for the proposition that "When the prescribed form of plea of privilege was merely one asserting nonresidence in the county of suit . . . such a plea was sufficient to raise the issue of venue under exception 14." See 1 McDonald: Texas Civil Practice, sec. 4.22.1, p. 487 (1965); *Jefferies* (115 S.W.2d 393–394), following Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.2d 113, 115.

■ The proposition that plaintiffs' controverting plea in Jefferies v. Dunklin was defective because, standing alone and "neither directly nor indirectly" making the petition a part of the plea, was and is a valid rule when statement of a cause of action is

required. The Supreme Court applied that general rule, citing Jefferies v. Dunklin, in the later case of Leonard v. Maxwell, *supra*, at 365 S.W.2d 343, in which subdivision 9a of Article 1995 was involved.

We reverse the judgment of the trial court, which sustained the plea of privilege and ordered the cause as to appellee transferred to district court of Harris County. We render judgment that the plea of privilege of Whittaker Pipeline Constructors, Inc., be overruled, with instructions that the cause be heard on the merits in Hays County as to all parties.

Reversed and rendered with instructions.