MORAN CORPORATION et
al., Appellants,

v.

SEVEN J STOCK FARM, INC.,
Appellee.

No. 6073.

Court of Civil Appeals of Texas,
Waco.

Nov. 20, 1979.

Dave McNeill, Jr., Vinson & Elkins, Thomas H. Lee and Betsy Rice Coleman, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellants.

John M. O'Quinn, Riddle, Murphrey, O'Quinn & Cannon, Houston, for appellee.

## OPINION

JAMES, Justice.

This is a venue case. Plaintiff-Appellee Seven J Stock Farm, Inc. sued Moran Corporation, Morgas Co., Glen Rose Corp., Texas Intrastate Gas Co., Union Oil Co. of California, and J. R. Parten, seeking damages and other relief, for gas and/or other hydrocarbons taken from land owned by Seven J in Houston County, Texas. The suit was filed in Madison County, Texas, the residence of Defendant Parten. All Defendants, except Parten, timely filed pleas of privilege to be sued in the counties of their respective residences; or, in the alternative, to be sued in the county where the land is located under Subdivision 14 of Article 1995, Vernon's Texas Civil Statutes. Plaintiff's Controverting Affidavit contended that venue was properly brought in Madison County because one of the Defendants (Parten) was a resident of Madison County and the other Defendants were proper parties to the suit. The suit was originally filed on June 6, 1977. On January 24, 1979, the venue hearing was held. Immediately before the hearing the Plaintiff, without objection from the Defendants, filed its First Amended Original Petition and thee Amended Controverting Affidavits incorporating the amended petition. On the basis of this amended petition and the allegations therein, the Defendant-Appellants waived their pleas to be sued in the counties of their respective residences and proceeded to the hearing claiming only that the suit was one which came under the mandatory provisions of Subdivision 14 of Art. 1995. In the hearing, over objection of the Defendants, the trial court heard testimony of a director of the Plaintiff Corporation and the testimony of the Plaintiff's attorney regarding the true "nature of the suit," the contention being that the Plaintiff was seeking a declaration of his rights under an oil and gas lease and that the suit was therefore brought in contract and was not within the purview of Subdivision 14. The trial court thereafter at the conclusion of the evidence allowed the Plaintiff to file a trial amendment setting forth this contention, again over the objections of the Defendants.

The Defendants' pleas of privilege to transfer the suit to Houston County, the location of the land, was overruled and the Defendants have perfected appeal, assigning the following points of error:

1) The trial court erred in overruling Appellants' Pleas of Privilege to be sued in Houston County because, as a matter of law, this case involved a cause of action for the recovery of land or damages thereto within the meaning of Subdivision 14 of Art. 1995 and the land in question lies in Houston County, Texas.

2) The trial court erred in considering the unverified allegations of the Plaintiff's trial amendment in determining the nature of the Plaintiff's case, because those allegations were never incorporated in, nor made a part of, Plaintiff's Amended Controverting Affidavits and were not therefore before the court for the purposes of the hearing on the pleas of privilege.

3) The trial court erred in considering evidence to determine the nature of Plaintiff's cause of action because that issue should have been determined only from the pleadings.

4) The trial court erred in considering evidence to determine the nature of Plaintiff's cause of action because such evidence was improperly admitted over the objection that it was unsupported by any allegations in the Plaintiff's Amended Controverting Affidavits.

5) The trial court erred in holding that the nature of the Plaintiff's case, even considering the allegations of the trial amendment, did not fall within the purview of Subdivision 14 of Art. 1995.

6) The trial court erred in permitting Plaintiff's trial amendment, if the effect of such amendment was to alter, for venue purposes, the nature of the Plaintiff's cause of action.

We sustain Appellants' Points Nos. 1, 3 and 5 and hold that, as a matter of law, this case involves a cause of action for the recovery of land or damages thereto within the meaning of Subdivision 14 of Art. 1995.

In determining the applicability of Subdivision 14, there are only two "venue facts" that are pertinent: (1) the nature of the suit and (2) the county in which the land involved is located. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954). All parties in this case stipulated that the land was located in Houston County, so the only question presented for determination in the venue hearing was the "nature of the suit."

The nature of the suit is generally to be determined from the facts alleged in the Plaintiff's pleadings, the rights asserted therein, and the relief sought. *Renwar Oil*

*Corporation v. Lancaster* (Tex.1955) 154 Tex. 311, 276 S.W.2d 774; *Scott v. Whittaker Pipeline Constructors, Inc.* (Austin Tex. Civ.App.1974) 517 S.W.2d 406, NWH; *Ashby v. Delhi Gas Pipe Line Corporation* (San Antonio CA 1973) 500 S.W.2d 686, writ dismissed. In this case, the Plaintiff's First Amended Original Petition alleges that:

1) "These Defendants acting jointly and together, claim the right to extract and sell or use said gas or other hydrocarbon products belonging to Plaintiff and in fact, have been doing so and have not properly paid Plaintiff for its share of said gas or other hydrocarbons in question. . . . Any division order or other document under which these Defendants, or any one of them, claim any right to take, sell or use gas or hydrocarbons in which your Plaintiff has an interest and to pay Plaintiff less than their true market value has been revoked and cancelled or are hereby cancelled and revoked . . ."

2) "Defendants jointly and in concert have taken, sold and used a great quantity of gas and other hydrocarbons in which your Plaintiff had an interest and have failed to properly account to Plaintiff for same and to pay Plaintiff for same. . ."

3) "Plaintiff would further show that these Defendants have made certain decisions concerning the manner of developing the oil and other hydrocarbons in question which work to the detriment of your Plaintiff's rights and have resulted in damages to your Plaintiff. Said decisions are either the result of a failure to exercise prudent business judgment or else were the result of conflicts of interest in which Defendants chose to promote their own interests to the detriment of your Plaintiff's interest."

The relief sought by the Plaintiff is stated as follows: "Plaintiff seeks a declaratory judgment from this Court declaring the rights of Plaintiff concerning the gas and other hydrocarbons in question. . . Alternatively, Plaintiff requests judgment that Plaintiff can have its share of the gas or other hydrocarbons in kind and that De-

fendants be required to carry that gas at a reasonable fee. . . . As to the gas or other hydrocarbons that have been taken, sold or used by these Defendants, in violation of Plaintiff's rights, Plaintiff seeks judgment from all the Defendants jointly and severally for money damages . . . Plaintiff requests an accounting and determination of the monies owed Plaintiff by these Defendants as a result of the matters alleged herein. . . . Plaintiff seeks recovery of punitive damages to the extent shown. . . . This pleading seeks recovery for past underpayments and damages resulting from the conduct of these Defendants and also seeks the declaration of Plaintiff's rights concerning any future gas or other hydrocarbons taken, sold or used by Defendants in which your Plaintiff has an interest." Neither the First Amended Original Petition nor the Amended Controverting Affidavits made reference to any lease agreements between the parties, nor did the pleadings admit of any specified proportional interests of the parties. In fact, the only reference to any "documents" whereby the Defendants claimed an interest in the land was in Paragraph III of the First Amended Original Petition wherein the Plaintiff expressly revoked or cancelled "any division order or other document under which these Defendants, or any one of them, claim any right to take, sell or use gas or hydrocarbons in which your Plaintiff has an interest . . ." These pleadings are sufficiently broad to allow the Plaintiff to adjudicate "title" to the minerals in question and thus to adjudicate claims clearly within the purview of Subdivision 14 of Art. 1995. Our courts have held that a suit seeking an accounting and recovery for oil removed and to be removed is an action within the meaning of Subdivision 14, Art. 1995. *Shell Petroleum Corp. v. Grays*, 122 Tex. 491, 62 S.W.2d 113 (1933, opinion adopted); *Continental Oil Co. v. Anderson* (Eastland Tex.Civ.App.1966) 405 S.W.2d 622, writ dismissed. Our courts have also held that venue is properly fixed under Subdivision 14 in suits seeking the recovery of damages arising from the improper development of mineral production. *Natural*

*Gas Distribution Corporation v. Williams* (Beaumont Tex.Civ.App.1956) 292 S.W.2d 353, error dismissed; *Fagadau v. Sand Springs Home* (Amarillo Tex.Civ.App.1960) 337 S.W.2d 744, error dismissed. In the case at bar the Plaintiff's petition alleges both a cause of action for an accounting and a cause of action for damages arising from improper development of the mineral production.

■ Even though the petition may be construed to include additional actions which are contractual in nature, Subdivision 14 is a mandatory venue provision and would prevail to fix venue under the allegations set forth above. A permissive statute must yield to a mandatory provision of the venue statute. *Langdeau v. Burke Investment Co.* (Tex.1962) 163 Tex. 526, 358 S.W.2d 553; also see *Scott v. Whittaker Pipeline Constructors, Inc.* (Austin Tex.Civ. App.1974) 517 S.W.2d 406, no writ.

The trial court allowed the Plaintiff to introduce evidence "explaining and clarifying" the nature of the suit. The Defendants objected to any consideration of this evidence claiming that the explanations of the Plaintiff were irrelevant since the "nature" of the suit should be determined from the allegations in the pleadings and not from the testimony of the Plaintiff. The Plaintiff asserts that such evidence was properly considered since the court can hear parol evidence to explain and clarify unclear and ambiguous pleadings, and that the pleadings in this case were unclear and ambiguous and thus required clarification.

■ As stated initially in this opinion, the nature of a suit, for venue purposes, is generally determined by the facts and rights asserted in the Plaintiff's pleadings, and by the relief sought. *Renwar Oil Corporation v. Lancaster*, cited supra. It is true that courts will hear evidence to rebut the Plaintiff's allegations when it is asserted by the opposing party that the Plaintiff's case was fraudulently cast to confer venue or when the Plaintiff, by his own admission, disclaims his allegations concerning his right to recover realty or to recover for

damages thereto, or when the allegations in the pleadings are deceptively vague and ambiguous. *Gilbert v. Gilbert* (San Antonio Tex.Civ.App.1946) 195 S.W.2d 930, on certified question 145 Tex. 114, 195 S.W.2d 936; *Olson v. B. W. Merchandise, Inc.* (Austin Tex.Civ.App.1965) 388 S.W.2d 737, NWH; *Jones v. Tetterton* (Ft. Worth Tex.Civ.App. 1965) 389 S.W.2d 505, NWH. In such cases, however, the *Plaintiff* was seeking to establish venue under Subdivision 14 on the basis of his own pleadings and the *Defendant* was claiming that the pleadings cannot be relied on to establish venue because they are fraudulently drafted, or they are contrary to the admissions of the Plaintiff, or they are ambiguous so as to obscure the true nature of the suit. In such cases, obviously, parol evidence should be admitted to explain or clarify the true nature of the suit. In the case at bar, however, the *Defendant* is seeking to establish venue under Subdivision 14 in reliance on the Plaintiff's pleadings. The *Plaintiff* cannot then be heard to disclaim *his own* pleadings stating that they are vague and ambiguous requiring parol evidence to clarify and explain the true nature of the suit. When confronted with a Defendant's Plea of Privilege, it is the Plaintiff's burden to *plead* venue facts which clearly support his alleged venue exception.

We therefore hold that any consideration of such evidence by the trial court was erroneous and that the pleadings alone should be looked to for a determination of the nature of the action sought.

We do not reach Appellants' Points Nos. 2, 4, and 6 regarding the trial court's action in permitting the filing of the Plaintiff's trial amendment. Whether or not the trial amendment was properly received, we agree with Appellants' fifth contention that the pleadings as a whole, even including those contained in the Plaintiff's trial amendment, as a matter of law, allege an action within the purview of Subdivision 14.

For the reasons hereinabove stated, we hold that the case at bar is one which must be tried in the county where the land lies under the provisions of Subdivision 14 of Article 1995, V.T.C.S., and that venue therein properly lies in Houston County, Texas. It is accordingly ordered that the judgment of the trial court be reversed and rendered transferring said cause to Houston County, Texas.

REVERSED AND RENDERED.